In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-2620

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JUSTIN A. ROSENBOHM,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07 CR 10117—**Michael M. Mihm**, *Judge.*

ARGUED FEBRUARY 13, 2009—DECIDED APRIL 30, 2009

Before KANNE, ROVNER, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* Justin Rosenbohm is a registered sex offender with a prior conviction for sexual misconduct against a minor. In this case, the actions resulting in his conviction were abhorrent, but Rosenbohm's sole argument on appeal is one of statutory interpretation, permitting us to spare the reader the details of his conduct.

On October 17, 2007, Rosenbohm was indicted on three charges related to improper sexual conduct with minors

and failure to update his sex offender registration. On February 8, 2008, Rosenbohm pled guilty to sexually exploiting children and producing sexually explicit images of minors, in violation of 18 U.S.C. §§ 2251(a), 2260A, and 3559(e)(1). In the presentence investigation report, the probation officer recommended a total offense level of forty and a criminal history category III, resulting in an advisory Sentencing Guidelines range of 360 months to life in prison. However, based on Rosenbohm's prior conviction for aggravated criminal sexual abuse in Peoria County, Illinois,[1] the probation officer recommended that the district court apply 18 U.S.C. § 3559(e)(1), which imposes a mandatory life sentence for a repeat offender who has a "prior sex conviction" against a child.

On June 27, 2008, the district court held Rosenbohm's sentencing hearing. Rosenbohm objected to the applicability of the mandatory life sentence under § 3559(e)(1), arguing that his Illinois state conviction was not a qualifying "prior sex conviction." The district court disagreed, finding that the statute was "very straightforward" and encompassed Rosenbohm's prior conviction. Although the district judge applied the mandatory life provision

---

[1] Rosenbohm has two prior convictions for sex-related offenses. The Illinois conviction occurred in 2000, and, only one month later, Rosenbohm was convicted for violating federal law by possessing child pornography. Under 18 U.S.C. § 3559(e)(2)(A), a prior conviction for possession of child pornography is not a qualifying offense that triggers § 3559(e)(1)'s mandatory life sentence. Therefore, this conviction is not at issue in this appeal.

of § 3559(e)(1), he went on to address each of the sentencing factors in 18 U.S.C. § 3553(a). After stating that Rosenbohm's conduct "[i]s about as serious as it gets under this statute," the district judge noted the importance of protecting the public. Based on § 3559(e)'s mandatory life sentence provision and his analysis of the sentencing factors, the district judge sentenced Rosenbohm to life imprisonment without parole.[2]

The sole issue that Rosenbohm presents on appeal is whether his prior state conviction for aggravated criminal sexual abuse constitutes a "prior sex conviction" under 18 U.S.C. § 3559(e). The interpretation of a statute is a question of law, which we review *de novo*. *United States v. Thornton*, 539 F.3d 741, 745 (7th Cir. 2008). We find that Rosenbohm's prior Illinois conviction qualifies as a triggering offense for the mandatory life sentence, and we therefore affirm his sentence.

In short, § 3559(e) imposes a mandatory life sentence for a defendant who commits repeated sex offenses against a child. The operative provision reads: "A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a

---

[2] Because Rosenbohm was a registered sex offender at the time he committed the instant offense, the district court also imposed an additional ten-year prison term, to be served consecutively with his sentence for the underlying offense, as required by 18 U.S.C. § 2260A. Rosenbohm does not challenge the applicability of § 2260A.

minor was the victim, unless the sentence of death is imposed." 18 U.S.C. § 3559(e)(1). A "prior sex conviction," for purposes of this statute, is "a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense." *Id.* § 3559(e)(2)(C).

Thus, to determine whether Rosenbohm's Illinois conviction for aggravated criminal sexual assault constitutes a "prior sex conviction," we turn to the definitions of "Federal sex offense" and "State sex offense," which are as follows:

> (A) the term "Federal sex offense" means an offense under section 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying of children), 2422(b) (relating to coercion and enticement of a minor into prostitution), or 2423(a) (relating to transportation of minors);

> (B) the term "State sex offense" means an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if, to the extent or in the manner specified in the applicable provision of this title—

> (i) the offense involved interstate or for-
> eign commerce, or the use of the mails; or
>
> (ii) the conduct occurred in any common-
> wealth, territory, or possession of the
> United States, within the special maritime
> and territorial jurisdiction of the United
> States, in a Federal prison, on any land or
> building owned by, leased to, or otherwise
> used by or under the control of the Gov-
> ernment of the United States, or in the
> Indian country (as defined in section 1151)
> . . . .

*Id.* § 3559(e)(2)(B).

Although the provisions of § 3559(e) are lengthy, the question in this appeal boils down to whether Rosenbohm's Illinois offense constitutes a "State sex offense," as defined by § 3559(e)(2)(B). If it does, then the mandatory life sentence applies. Rosenbohm's primary argument is that § 3559(e)(2)(B) requires that a prior state conviction have had an actual basis for exercising federal jurisdiction to trigger the mandatory life sentence, and that his prior Illinois conviction does not qualify because no federal nexus *actually* existed. The government, however, contends that the plain language of § 3559(e)(2)(B)'s definition of a "State sex offense" encompasses all conduct that would have constituted a "Federal sex offense" had a federal jurisdictional hook existed.[3]

---

[3] Rosenbohm conceded at sentencing that had the conduct resulting in his prior Illinois conviction occurred on federal

(continued...)

As with any question of statutory interpretation, we seek to discern Congress's intent and begin with the language it used. *See Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004); *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). A cardinal canon of statutory construction is that we "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). If the language of a statute is clear and unambiguous, "in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *United States v. Turkette*, 452 U.S. 576, 580 (1981) (quotations omitted); *see also United States v. Chemetco, Inc.*, 274 F.3d 1154, 1159 (7th Cir. 2001).

We turn to the plain language of § 3559(e) and find no ambiguity in the statute's definition of a "State sex offense." Under this provision, a "State sex offense" is any conviction under state law, punishable by more than one year in prison, involving conduct that "*would be* a Federal sex offense *if*" a basis for exercising federal jurisdiction had existed. *Id.* § 3559(e)(2)(B) (emphases added). The statute then defines two bases for federal jurisdiction: (1) using the mails or interstate or foreign com-

---

[3] (...continued)

property, such as the Rock Island Arsenal (a United States Army facility in northwestern Illinois), it would have qualified as a "Federal sex offense" under § 3559(e)(2)(A). Thus, we limit our discussion solely to whether § 3559(e) requires that a state conviction have a federal nexus to trigger the mandatory life sentence.

merce, and (2) committing the conduct on property within the reach of a federal prosecution. *See id.* By the statute's clear language, Congress intended that a prior state conviction must be congruent to one of several specific, enumerated federal offenses before triggering a mandatory life sentence. The plain meaning of this language is that a qualifying state conviction must have been based on conduct that—although lacking a federal nexus—would have constituted a "Federal sex offense" had such a federal nexus existed. *Accord United States v. Sinerius*, 504 F.3d 737, 743-44 (9th Cir. 2007) (citing § 3559(e)(2)(B) as an example of a statute that "expressly" requires a state offense to be congruent with a corresponding federal offense).

Not only is Rosenbohm's interpretation of § 3559(e) contrary to the provision's plain language, but it would render portions of § 3559(e)(2)(B)(ii) insignificant and largely superfluous, which is something we try to avoid. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001); *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008). The statute expressly contemplates a prior *state conviction*, but, even under the statute's definition,[4] no "state" prosecution could occur in some of the geographic locales enumerated in § 3559(e)(2)(B)(ii). A defendant would not have a prior state conviction based on conduct occurring in a

---

[4] For the purposes of § 3559, "State" is defined as "a State of the United States, the District of Columbia, and a commonwealth, territory, or possession of the United States." 18 U.S.C. § 3559(c)(2)(G).

special maritime or territorial jurisdiction, for example. The statute also includes "any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States" (which could be anywhere in the world) and "the Indian country." *Id.* We can think of numerous situations where no state conviction would be possible in these locations, and to read § 3559(e)(2)(B) in the manner Rosenbohm suggests would mean that Congress served no purpose by including these in the statute.

Another factor favoring our interpretation of § 3559(e) is that Congress has passed similar statutes requiring that conduct resulting in a prior state conviction be congruent with a federal crime before a sentencing enhancement applies. For example, 18 U.S.C. § 2241(c), which prohibits aggravated sexual abuse against children, imposes a mandatory life sentence if a defendant "has previously been convicted of another Federal offense under this subsection, or of a State offense that *would have been* an offense under either such provision *had the offense occurred in a Federal prison*" (emphases added). Presumably, by limiting a repeat offender's qualifying prior state convictions to those that would have been a federal offense had a federal nexus existed, Congress sought to confine the serious penalty of a mandatory life sentence to a standardized, uniform type of criminal conduct, rather than rely on the states' various definitions of their offenses. The statute, as written, ensures that a defendant previously convicted of a state offense is sentenced to a mandatory life sentence for the same conduct as a qualifying federal offense.

On the other hand, and as even Rosenbohm points out in his brief, if Congress wanted to encompass *any* prior state conviction for sexual misconduct involving a minor, it certainly knew how to do so and could have worded the statute more broadly. The criminal code is full of provisions that enhance a penalty for repeat offenders yet make no distinction between prior convictions under state and federal law. *See, e.g.*, 18 U.S.C. § 3592(c)(3) (stating that an aggravating factor for considering whether to impose the death penalty is a prior conviction "of another *Federal or State offense* resulting in the death of a person" (emphasis added)); 21 U.S.C. § 802(44) (defining "felony drug offense" as one "punishable by imprisonment for more than one year under *any law of the United States or of a State or foreign country* that prohibits or restricts conduct relating to [certain drugs]"(emphasis added)); 21 U.S.C. § 841(b)(1)(A) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions *for a felony drug offense* have become final, such person shall be sentenced to a mandatory term of life imprisonment . . . ." (emphasis added)). Instead, Congress chose to restrict the prior state convictions triggering § 3559(e)'s mandatory life sentence to those based on conduct that violated the terms of specifically enumerated federal laws.

Because we find the definition of a "State sex offense" to be unambiguous, it is not necessary for us to address the legislative history of § 3559(e). That said, even a brief examination of that history supports our interpretation, and, at the very least, there is no "clearly expressed legislative intent to the contrary." *Turkette*, 452 U.S. at

580 (quotations omitted). Congress added § 3559(e) in Section 106(a) of the PROTECT Act of 2003, Pub. L. No. 108-21, 117 Stat. 650.[5] According to House Reports, the mandatory life sentence applies to "any person convicted of a 'Federal sex offense' if they had previously been convicted of a *similar* offense under *either Federal or state law*." H.R. Rep. No. 108-47(I), at 17 (2003) (emphases added); *see also* H.R. Rep. No. 107-373, at 2 (2002). This statement is similar to the final wording of the statute, but the inclusion of the term "similar" in reference to a comparison between "Federal or state law" indicates that Congress intended to ensure that a state conviction is congruent with its federal counterpart before imposing a mandatory life sentence. Further, after describing the increasing recurrence of sexual assault against children and the high rate of recidivism among sex offenders, the 2002 House Report concludes: "Children have the right to grow up protected from sexual predators and free from abuse. H.R. 2146 will protect America's children by permanently removing the worst offenders from our society—those who repeatedly victimize children." H.R. Rep. No. 107-373, at 3 (2002). To provide children this protection from only those sex offenders who abused their victims using interstate commerce or the mails or on federal land would frustrate Congress's intent in enacting § 3559(e).

---

[5] Consistent with Congress's appetite for appropriate acronyms, the PROTECT Act is the short form of the Act's full title: the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003.

For these reasons, we agree with the government that, under § 3559(e), a mandatory life sentence is appropriate for a defendant with a prior state conviction based on conduct that would have been a "Federal sex offense" had there been a basis for federal jurisdiction. The statute does not require that a federal jurisdictional hook actually exist. In other words, the statute demands only that the conduct resulting in the prior state conviction satisfy the elements of one of the Federal sex offenses enumerated in § 3559(e)(2)(A) before a district court may rely on it as the basis for imposing a mandatory life sentence. Rosenbohm's prior Illinois conviction for aggravated criminal sexual assault meets that requirement, and it is therefore a qualifying "State sex offense" under § 3559(e).

One additional argument merits brief discussion. Rosenbohm contends that, even if we interpret § 3559(e) in the government's favor, we should apply the rule of lenity because the statute was ambiguous, and we should not impose a mandatory life sentence "based upon mere speculation as to Congressional intent." (Petr.'s Br. 17-18.) The rule of lenity instructs courts to read an ambiguous statute narrowly to ensure "fair warning of the boundaries of criminal conduct and that legislatures, not courts, define criminal liability." *Crandon v. United States*, 494 U.S. 152, 158 (1990). The rule applies, however, only when the statute is, in fact, ambiguous. *See Moskal v. United States*, 498 U.S. 103, 107 (1990) ("[T]he touchstone of the rule of lenity is statutory ambiguity." (quotations omitted)). Thus, we only need to reach the issue if "a reasonable doubt persists about a statute's intended scope even *after* resort to 'the language and structure, legisla-

tive history, and motivating policies' of the statute." *Id.* at 108 (quoting *Bifulco v. United States*, 447 U.S. 381, 387 (1980)). We have no doubt about the intended scope of § 3559(e)'s definition of a "State sex offense," and we are not resorting to "mere speculation as to Congressional intent" in our interpretation. The rule of lenity does not apply.

For the above reasons, the district court did not err in sentencing Rosenbohm to a mandatory life sentence. We AFFIRM.