**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4151**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KENNEDY COVINGTON,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-00632-TLW-1)

Submitted:  December 17, 2009        Decided:  January 8, 2010

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant. W. Walter Wilkins, United States
Attorney, Rose Mary Parham, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kennedy Covington appeals from his 144-month sentence, entered pursuant to his guilty plea to possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). As an Armed Career Criminal, Covington faced a statutory minimum sentence of fifteen years. 18 U.S.C. § 924 (e) (2006). However, the district court granted the Government's motion pursuant to 18 U.S.C. § 3553(e) (2006) for a departure below the statutory minimum based upon Covington's substantial assistance and calculated a Guidelines range of 140 to 175 months in prison. On appeal, Covington contends that the district court erred in failing to provide sufficient explanation for its denial of his request for a variance sentence and for its ultimate decision to sentence Covington to 144 months. We affirm.

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference 18 U.S.C. § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). But, at the same time, the district court "must make an individualized assessment based on the facts

2

presented." Gall v. United States, 552 U.S. 38, 50 (2007). While the individualized assessment of each defendant need not be elaborate or lengthy, it must provide a rationale tailored to the particular case at hand and be adequate to permit appellate review. United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009). Thus, a recitation of the § 3553 factors and purposes is insufficient. Likewise, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities. Id.

Initially, the district court could not have granted a variance sentence below the Guidelines range established after granting the Government's motion for a downward departure. See United States v. Hood, 556 F.3d 226, 234 n.2 (4th Cir. 2009), cert. denied, 130 S. Ct. 321 (2009); United States v. A.B., 529 F.3d 1275, 1285 (10th Cir. 2008), cert. denied, 129 S. Ct. 440 (2008) (holding that district court did not have authority to depart any further below the statutory minimum after granting the § 3553(e) motion, and therefore need not consider the § 3553(a) factors); United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007) ("[T]he text of § 3553(e) provides a clear answer, and . . . Booker does not expand the district court's authority to impose a sentence below a statutory minimum."). Accordingly, the district court did not have the authority to impose a sentence shorter than the statutory minimum based on

factors other than Covington's substantial assistance. Thus, as a matter of law, there was no error in rejecting Covington's request for a variance based on the offense characteristics and his criminal history.

To the extent the court was required to give an adequate explanation for the particular sentence that it chose within the Guidelines range, the court stated that it considered the circumstances of the case which provided a reason for the crime and balanced that against Covington's Armed Career Criminal status. While not detailed or lengthy, the district court's reasoning was individualized and reflected a considered rationale.

Based on the foregoing, we affirm Covington's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4