**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4778**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JESSE AARON DAVISON,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.   (1:10-cr-00632-MJG-1)

_____

Submitted:  June 13, 2012          Decided:  August 1, 2012

_____

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Edward C. Sussman, LAW OFFICE OF EDWARD SUSSMAN, Washington,
D.C., for Appellant.  Rod J. Rosenstein, United States Attorney,
Paul E. Budlow, Assistant United States Attorney, Kristi N.
O'Malley, Assistant United States Attorney, Lindsey Carpenter,
Law Clerk, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, the district court found Jesse Aaron Davison guilty of multiple counts of production and possession of child pornography and sentenced Davison to life imprisonment. Davison now appeals. For the reasons that follow, we affirm.

The evidence at trial established that in 2009 Davison's co-defendant, Tiffany Bolner, befriended CW, a ten year old girl who moved into an apartment with her mother across the street from Bolner. CW and Bolner would often spend the night together at Bolner's apartment.

In early 2010, Bolner met Davison, who lived in a halfway house at the time, and the two began a romantic relationship. When Davison moved out of the halfway house, he and Bolner moved into a shared apartment next door to CW. Davison lied to CW's family, telling them that he had a ten year old daughter who lived with him, so that they would allow CW to continue spending weekends in Bolner's (and Davison's) apartment.

During the weekends that CW spent with Bolner and Davison, they encouraged her to drink and smoke and engaged in sexual intercourse in front of her. The abuse progressed and Davison and Bolner engaged CW in sexual activity on numerous occasions. Davison and Bolner produced videos and photographs of the sexual

2

conduct using Davison's Blackberry phone. They stored the videos and images on a 64MB and a 2GB memory card.

On May 20, 2010, Baltimore police arrested and charged Davison with assaulting Bolner. Following the arrest, CW disclosed the sexual abuse to her mother, who in turn reported Bolner and Davison to police.

At a police interview, Bolner denied that she or Davison had any sexual contact with CW. After the interview, Bolner returned to the apartment and deleted all of the images on the 64MB memory card. After the police detained Bolner, Bolner's mother, Neva, and Bolner's sister, Kristina Randall, went to the apartment and removed Bolner's property, including a red MP3 player and the Blackberry phone. Neva Bolner stored the items in a set of drawers in her own home.

While incarcerated, Davison also attempted to conceal the abuse by repeatedly urging his sister, Laura, to destroy the evidence, describing to her the relevant images and videos. Davison informed Laura that his Blackberry phone and the red MP3 player contained photographic and video evidence "that could put him away for life." He instructed Laura to obtain a key to his apartment from Bolner's mother, retrieve the Blackberry and red MP3 player, and destroy the incriminating images and videos. Davison added that if the items were not in the apartment, they would likely be in Bolner's possession. Rather than aid

3

Davison, however, Laura told the police about the communications.

As a result, the police obtained warrants for three locations: (1) Davison and Bolner's shared apartment, (2) Neva Bolner's apartment, and (3) Kristina Randall's home. Out of fear for Laura Davison's safety, the officers who drafted the warrant affidavits sought the magistrate's assistance in drafting language to conceal Laura Davison's identity. The ensuing searches resulted in the seizure of the red MP3 player with the 2GB memory card and a Blackberry phone with no memory card from Neva Bolner's apartment.

Because Davison and Bolner had recently been evicted from their apartment, FBI Special Agents from the Maryland Child Exploitation Task Force entered the apartment with the consent of the landlord in order to take photographs of the location of the abuse. Inside the apartment, the Agents located the 64MB memory card on the floor. Subsequent forensic examination of the 2GB and the 64MB memory cards revealed that they contained sexually explicit images and videos of Davison, Bolner, and CW.

Following a bench trial, the district court found Davison guilty of conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(e), four counts of production of child pornography in violation of § 2251(a) and § 2256, possession of child pornography in violation of § 2252(a)(5)(B), and tampering

4

with objects and proceedings in violation of 18 U.S.C. § 1512(c)(1)-(2). Davison stipulated that he had previously been convicted of attempted rape under Maryland law of a victim under seventeen years of age. Based on this prior conviction, the district court sentenced Davison under 18 U.S.C. § 3559(e), which provides for mandatory concurrent life sentences on the production of child pornography counts. The district court also imposed a one-hundred twenty month sentence on the possession count and a sixty month sentence on the tampering count.

Davison raises three arguments on appeal. First, he challenges the validity of the search warrants, arguing that the issuing magistrate improperly assisted the officers in drafting the language used in the warrant affidavits. In order to challenge the validity of the warrant, however, Davison must first establish a legitimate expectation of privacy in the area searched -- Neva Bolner's home -- not merely an interest in items found. See United States v. Salvucci, 448 U.S. 83, 92-93 (1980); Rakas v. Illinois, 439 U.S. 128, 143 (1978). While Davison may be able to assert a possessory interest in the 2GB memory card seized from Neva Bolner's bedroom, "ownership of the item seized is, by itself, insufficient to confer a privacy interest in the area searched." United States v. Manbeck, 744 F.2d 360, 374 (4th Cir. 1984); see also United States v. Horowitz, 806 F.2d 1222, 1224 (4th Cir. 1986). The officers

5

executing the warrant on Neva Bolner's residence located the memory card inside a set of drawers in the bedroom. Davison offered no evidence of his interest or control over the residence or the bedroom. Moreover, given Neva Bolner and Kristina Randall's access to the memory card and Davison's specific request that his sister delete certain files from the memory card, he cannot reasonably claim an expectation of privacy in the contents of the memory card. Accordingly, we have no trouble concluding, as the district court did, that Davison has not established the requisite Fourth Amendment interest to challenge the validity of the warrant.

Next, Davison challenges the sufficiency of the evidence regarding each count of conviction. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is sufficient, we view the evidence in the light most favorable to the government. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). Having reviewed the record, we conclude that the convictions are supported by sufficient evidence.

6

Finally, Davison argues that the district court improperly sentenced him to mandatory life imprisonment under 18 U.S.C. § 3559(e). This statute provides that "[a] person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim." 18 U.S.C. § 3559(e)(1). Davison does not dispute that his instant convictions under 18 U.S.C. § 2251 constitute "Federal sex offense[s]." See id. § 3559(e)(2)(A). Nor does he dispute that he has been convicted or "a prior sex offense in which a minor was the victim," namely attempted rape of a victim under seventeen years of age. See id. § 3559(e)(1)–(2); MD Crim. Code Ann. § 3-309. Finally, this prior offense clearly "consists of conduct that would be a Federal sex offense" had it occurred within federal jurisdiction. See id. § 3559(e)(2)(B)(i)–(ii).[*]

Davison contends that his prior conviction should not trigger § 3559(e) because although the victim was a minor (age

_____

[*] Though Davison correctly notes that his prior conviction did not have a federal nexus, § 3559(e)(2)(B) only requires that the state sex offense "consists of conduct that would be a Federal sex offense if" it had occurred within federal jurisdiction. 18 U.S.C. § 3559(e)(2)(B) (emphasis added). The conduct yielding Davison's conviction for attempted forcible rape would constitute the federal offense of aggravated sexual abuse by force or threat under 18 U.S.C. § 2241(a) if it had occurred within federal jurisdiction. Accord United States v. Gallenardo, 579 F.3d 1076, 1086-87 (9th Cir. 2009); United States v. Rosenbohm, 546 F.3d 820, 823 (7th Cir. 2009).

7

fifteen), Davison was also a minor at the time of the offense (age sixteen). Davison argues that § 3559(e) is ambiguous as to whether it "is intended to reach those individuals who while minors themselves previously victimized minors." He urges us to apply the rule of lenity and hold that § 3559(e) does not apply to his case. But Davison cites no authority for this argument and we discern no "grievous ambiguity or uncertainty in the statute" that warrants application of the rule of lenity. <u>See</u> <u>Barber v. Thomas</u>, 130 S. Ct. 2499, 2508-09 (2010). Accordingly, we reject this argument and affirm the sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>