**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

　　　　v.

ARTHUR EMIL SINERIUS, JR.,
　　　　　　*Defendant-Appellant.*

No. 06-30327

D.C. No.
CR-05-00024-CCL

OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted
March 9, 2007—Seattle, Washington

Filed September 20, 2007

Before: Betty B. Fletcher, Diarmuid F. O'Scannlain, and
A. Wallace Tashima, Circuit Judges.

Opinion by Judge O'Scannlain

## COUNSEL

Michael Donahoe, Senior Litigator, Federal Defenders of Montana, argued the cause for the defendant-appellant, and filed briefs; Anthony R. Gallagher, Federal Defender, was on the briefs.

Marcia Hurd, Assistant U.S. Attorney, Billings, Montana, argued the cause for the plaintiff-appellee and filed a brief; William W. Mercer, U.S. Attorney, District of Montana, and Eric B. Wolf, Assistant U.S. Attorney, Billings, Montana, were on the brief.

## OPINION

O'SCANNLAIN, Circuit Judge:

We are called upon to determine whether a federal defendant's prior conviction for "sexual assault" under Montana state law triggers an enhanced penalty under the sentencing provisions applicable to his federal crimes.

I

In 2005, Arthur Emil Sinerius, Jr. was indicted by a federal grand jury for receipt of child pornography ("Count I") and possession of child pornography ("Count II"), in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B) respectively. Sinerius subsequently pled guilty to both counts, and also agreed to forfeiture of his computer pursuant to 18 U.S.C. § 2253. The government agreed, pending the determinations of the presentence investigation report ("PSR"), to recommend a sentence at the low end of the advisory guideline range.

The PSR determined that Sinerius's base offense level was 22 and then added two levels because the material involved a prepubescent minor or a minor under the age of 12, U.S.S.G. § 2G2.2(b)(2); four levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, U.S.S.G. § 2G2.2(b)(4); two levels because the offense involved the use of a computer, U.S.S.G. § 2G2.2(b)(6); and four levels because the offense involved between 300 and 600 images, U.S.S.G. § 2G2.2(b)(7)(C). The PSR then subtracted two levels because Sinerius's conduct was limited to the receipt of child pornography and he did not traffic in such material, U.S.S.G. § 2G2.2(b)(1); and three levels for acceptance of responsibility, U.S.S.G. § 3E1.1. Accordingly, based on Sinerius's total offense level of 29 and Criminal History Category of II, the PSR calculated an advisory Guidelines range of 97 to 121

months. However, the PSR also determined that Sinerius's' prior conviction for sexual assault, in violation of Mont. Code Ann. § 45-5-502 (the "Montana sexual assault statute"), was a predicate offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," as defined by § 2252A(b). 18 U.S.C. §§ 2252A(b)(1),(2). The PSR thus concluded that § 2252A(b) required enhanced mandatory minimum sentences of 15 years for Count I and 10 years for Count II.[1]

At his change of plea hearing, Sinerius admitted to his prior conviction and indicated that he agreed with the government's summary of the facts, including that "Sinerius is a registered sexual offender, having been convicted in Montana state court in 1994 of sexually abusing a minor female child."[2] Sinerius

---

[1]Section 2252A(b)(1) sets forth the mandatory minimum sentence for Count I (receipt of child pornography under § 2252A(a)(2)(B)), among other offenses. Section 2252(A)(b)(2) sets forth the mandatory minimum sentence for Count II (possession of child pornography under § 2252A(a)(5)(B)). Both provisions require an enhanced sentence when the defendant has been convicted of a state offense "relating to aggravated sexual abuse, sexual abuse, or abusive conduct involving a minor or ward." §§ 2252A(b)(1),(2). Because the relevant text of both §§ 2252A(b)(1) and 2252A(b)(2) is identical, we treat the two provisions together for purposes of the issue raised by this appeal.

[2]Sinerius was originally charged with "sexual intercourse without consent," in violation of Mont. Code Ann. § 45-5-503. The information states that Sinerius, then thirty-one years old, "knowingly had sexual intercourse without consent with another person, to-wit: the defendant fondled the vaginal area of R.D., d/o/b 4-23-81, and inserted his fingers and his penis into her vagina when she was incapable of consent due to her age." Subsequently, however, the Montana trial judge granted the state's motion in open court to amend the charge against Sinerius from "sexual intercourse without consent (felony)" to "sexual assault (felony)," in violation of Mont.Code Ann. § 45-5-502. The amendment was made by a handwritten interlineation on the information, striking out the former charge and replacing it with the latter. At Sinerius's federal sentencing hearing, the federal prosecutor, who, coincidentally, had also served as the state district attorney in the Montana court proceedings, stated that this amendment only changed the charged offense, not the underlying facts. No transcript of the state trial proceedings is available.

objected to the PSR, however, arguing that his prior Montana conviction did not categorically qualify as a predicate offense for enhancement purposes.

At the sentencing hearing, the district court ruled that Sinerius's Montana conviction was a predicate offense that required the enhanced mandatory minimum sentences provided by § 2252A(b) because it was an offense "relating to . . . sexual abuse, or abusive sexual conduct involving a minor or ward." Relying on the prior conviction, the court sentenced Sinerius to imprisonment of 180 months for receipt of child pornography (under § 2252A(b)(1)), and 120 months for possession of child pornography (under § 2252A(b)(2)), to run concurrently. The court also sentenced Sinerius to supervised release for a term of life, and ordered him to participate in treatment and to pay an assessment.

Sinerius appeals the sentence.

## II

To determine whether Sinerius's conviction under the Montana sexual assault statute meets the definition of a predicate sex offense under § 2252A(b), we rely on the familiar two-step test set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (employing *Taylor*'s categorical approach to interpret the phrase "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43))*; see also United States v. Romm*, 455 F.3d 990, 1005 (9th Cir. 2006) (recognizing the parties' agreement that *Taylor*'s categorical approach applies to a sentence enhancement under § 2252A(b)).

---

After Sinerius pled guilty to "sexual assault (felony)," the Montana trial judge sentenced him to ten years imprisonment, all but 30 days suspended, placed him on probation for ten years, and ordered him to pay a fine, register as a sex offender, and undergo treatment.

First, we examine the definition of the predicate offense in the federal statute. *See United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006). Section 2252A(b) imposes an enhanced sentence on a defendant "if such person has a prior conviction . . . under the laws of any State *relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1),(2) (emphasis added). Thus, the relevant offenses under § 2252A(b) are those "relating to . . . aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See Lopez-Solis*, 447 F.3d at 1206.

Next, we look to the Montana sexual assault statute and compare its elements to the definition of the terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor" under § 2252A(b). *Lopez-Solis*, 447 F.3d at 1206. Under this categorical approach, Sinerius's Montana conviction will qualify as a predicate sex offense only if the full range of conduct covered by the Montana statute falls within the meaning of those terms. *Id.*

A

**[1]** Section 2252A(b) requires an enhanced sentence if Sinerius's Montana conviction is as an offense "relating to" either "aggravated sexual abuse," "sexual abuse," or "abusive sexual conduct involving a minor." We first consider whether Sinerius's conviction is an offense "relating to . . . sexual abuse."

Under the categorical approach, we follow our common practice in cases involving non-traditional offenses by defining the offense based on the "ordinary, contemporary, and common meaning" of the statutory words." *See Lopez-Solis*, 447 F.3d at 1206-07 (citation omitted) (defining "sexual abuse of a minor" for purposes of the predicate offense under U.S.S.G. § 2L1.2).

**[2]** We define the term "sexual abuse" by coupling the dictionary definition of "abuse" with the common understanding of "sexual." *See id*. at 1207; *Baron-Medina*, 187 F.3d 1146. First, in the context of the Sentencing Guidelines, we have defined "abuse" to mean "misuse . . . to use or treat so as to injure, hurt, or damage . . . to commit indecent assault on." *Id.* at 1207; *United States v. Pallares-Galan*, 359 F.3d 1088, 1100 (9th Cir. 2004) (quoting Webster's Third New Int'l Dictionary 8 (3d ed. 1981)). We have explained that this definition "encompass[es] behavior that is harmful emotionally and physically." *Lopez-Solis*, 447 F.3d at 1207. Second, we have given the term "sexual" its ordinary and commonsense meaning. *See id.* Equipped with this understanding of § 2252A(b)'s definition of a predicate offense, we next consider the Montana statute under which Sinerius was convicted.

B

Under the categorical approach, we look only to the fact of Sinerius's prior conviction and the elements of the Montana offense to determine whether § 2252A(b)'s definition of "sexual abuse" covers the full scope the conduct prohibited by the Montana sexual assault statute. *Id.* at 1206.

1

**[3]** The Montana statute undeniably proscribes acts that are "sexual" in nature. Mont. Code Ann. § 45-5-502. The statute prohibits knowingly subjecting "another person to any sexual contact without consent." *Id.* § 45-5-502(1). The relevant definitional provision describes "sexual contact" as "any touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party." *Id.* § 45-2-101(60). In addition, the range of conduct the Montana statute proscribes is "abusive" because it necessarily involves physical "contact *without consent*." *Id.* § 45-5-502(1) (emphasis added). The physical touching of another person's sexual or intimate parts, for the

purposes of sexual arousal or gratification and without consent, amounts to an "indecent assault on" that person. *Lopez-Solis*, 447 F.3d at 1207.

Nevertheless, Sinerius maintains that the Montana statute is over-inclusive vis-a-vis the offenses described in § 2252A(b) and, as a consequence, that his conviction therefore cannot categorically qualify as a predicate offense.

Under the categorical approach, even the least egregious conduct proscribed by the Montana statute must qualify as an offense "relating to . . . sexual abuse." *See id.* at 1206-07; *Valencia v. Gonzales*, 439 F.3d 1046, 1052 & n.3 (9th Cir. 2006). If such conduct does not qualify, the Montana statute is over-inclusive on its face.

The Montana statute provides that a victim less than 14 years old cannot consent to sexual contact if the offender's age exceeds his or her own by three or more years. Mont. Code Ann. § 45-5-502(5). Thus, one might consider the least egregious conduct proscribed by the Montana statute to involve ostensibly "consensual" sexual contact between a 16-year-old offender and a 13-year-old victim, but for the fact that the statute negates the victim's ability to consent. Even so, we have previously concluded this precise conduct constitutes sexual abuse. In *Baron-Medina*, we held that touching the body of a child under 14 years old with sexual intent, even when it is "innocently and warmly received . . . indisputably falls within the common, everyday meaning of the words 'sexual' and 'minor' " and that such "use of young children for the gratification of sexual desires constitutes an *abuse*." 187 F.3d at 1147 (emphasis added); *see also id.* ("The use of young children as objects of sexual gratification is corrupt, improper, and contrary to good order. It constitutes maltreatment, no matter its form." (citations omitted) (internal quotation marks omitted)).

**[4]** As a consequence, even the least egregious conduct proscribed by the Montana statute, consensual sexual contact by

a 16-year-old on a 13-year-old victim, categorically qualifies as "sexual abuse." Further, because the statute requires the victim to be under 14 years of age to render her consent ineffective, our conclusion is consistent with our decisions in *Lopez-Solis* and *United States v. Baza-Martinez*, 464 F.3d 1010 (9th Cir. 2006), holding that more expansive state statutes were not predicate offenses within the definition of the term "sexual abuse of a minor."

In *Lopez-Solis,* we held that a conviction under a state statutory rape statute did not qualify as "sexual abuse of a minor" because the statute prohibited "consensual penetration of a victim just under 18 years of age by a 22-year-old perpetrator." 447 F.3d at 1207. We concluded that this conduct did not categorically include the necessary physical or psychological injury required by the term "abuse," indicating that "prior case law—as well as common sense—suggest that, while consensual underage sex may be harmful to a young teen, it may not be harmful to an older one." *Id.* at 1208 (citing *United States v. Melton*, 344 F.3d 1021, 1028-29 (9th Cir. 2003) (suggesting that only in the presence of certain aggravating factors, such as incest, will a sexual encounter between a 17 year old and an adult necessarily create a "situation of [psychological] dominance and control"). Similarly, in *Baza-Martinez*, we concluded that a state statute prohibiting "indecent liberties with a child" did not qualify as "sexual abuse of a minor," because it prohibited a very broad range of conduct, including "mere words." 464 F.3d at 1016-17 ("All that is required is that at the time of the immoral, improper, or indecent liberty, the defendant must be in either the actual or constructive presence of the child." (internal quotation marks and citations omitted)).

In contrast to the statutes at issue in *Lopez-Solis* and *Baza-Martinez,* the Montana sexual assault statute proscribes a narrower range of conduct, all of which necessarily involves "sexual abuse" under its ordinary and common meaning.

2

**[5]** Sinerius argues, however, that § 2252A(b) requires us to define the term "sexual abuse" by cross-reference to the federal offense of "sexual abuse" under 18 U.S.C. § 2242 rather than by the ordinary and common meaning of that phrase.[3] Section 2242 proscribes a narrower range of conduct than the Montana sexual assault statute. Specifically, Sinerius argues that "sexual abuse" under § 2242 requires skin-to-skin contact, whereas "sexual assault" under the Montana statute only requires "offensive touching of a intimate body part," which could include touching through clothing. Mont. Code Ann. § 45-2-101. Consequently, Sinerius contends that his conviction under the Montana statute cannot qualify, categorically, as a predicate offense "relating to . . . sexual abuse" under § 2252A(b). We disagree.

**[6]** We have never defined predicate sex offenses under § 2252A by cross reference to the federal provisions Sinerius cites, nor has any other court of appeals. *See United States v. Hubbard*, 480 F.3d 341, 348 (5th Cir. 2007) (construing "aggravated sexual abuse, sexual abuse, [and] abusive sexual conduct involving a minor" under § 2252A(b)(1) as "generic offenses"); *Rezin*, 322 F.3d at 447-48 (reaching the same conclusion in construing materially indistinguisable language in § 2252). Our reasons for declining to do so derive from well-established principles of statutory interpretation. First, the federal crime of "sexual abuse" under § 2242 is not a definitional provision applicable to § 2252A. Section 2252A is cod-

---

[3]Sinerius offers an identical argument with respect to the other terms in § 2252A(b). He asks us to define "aggravated sexual abuse" by cross-reference to the federal offense of "aggravated sexual abuse" under 18 U.S.C. § 2241, and "abusive sexual conduct involving a minor or ward" by cross-reference to the federal offenses of "sexual abuse of a minor or ward" under 18 U.S.C. § 2243 and "abusive sexual contact" under 18 U.S.C. § 2244. We decline to interpret these terms by cross-reference to the cited federal crimes for the same reasons we decline to interpret the term "sexual abuse" in such manner.

ified in title 18, chapter 110. The definitions applicable to chapter 110 are located in 18 U.S.C. § 2256. Section 2242, on the other hand, is located in chapter 109A.

[7] While Congress did not provide a specific definition of "sexual abuse" in § 2256, we believe its decision not to do so reflects Congress's intent to define "sexual abuse" as a generic offense, understood by its ordinary and common meaning, *see Lopez-Solis*, 447 F.3d at 1206-07, rather than to import the elements of offenses delineated elsewhere in the U.S. Code. *See Hubbard*, 480 F.3d at 348.

Our conclusion is strengthened by the plain language of § 2252A. That section specifically accounts for the federal crime of "sexual abuse" under § 2242 in a separate category of predicate offenses. Section 2252A(b) requires an enhanced sentence if the defendant "has a prior conviction under . . . chapter 109A . . . *or* under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1),(2) (emphasis added). Thus, § 2252A(b) treats federal offenses located in chapter 109A (which includes sexual abuse under § 2242) as a separate category of predicate offenses, independent from its treatment of state law convictions like the one at issue here.

[8] Further, § 2252A employs broader language when defining state convictions that qualify as a predicate sex offenses than it does when defining predicate federal offenses, such as those located in chapter 109A. An individual must be convicted of the specific federal offense listed to be subject to an enhanced sentence. However, such individual need only be convicted of a state offense "*relating to* . . . sexual abuse" to have the same penalty imposed. 18 U.S.C. § 2252A(b)(1),(2) (emphasis added). The phrase "relating to," as defined by the Supreme Court, means "to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines*,

504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary1128 (5th ed. 1979)) (construing "relating to" in a different statutory context). We have construed "relating to" language broadly in the past, *see Luu-Lee v. INS*, 224 F.3d 911, 915-16 (interpreting the phrase "relating to a controlled substance" in section 241(a)(2)(B)(i) of the Immigration and Nationality Act), and the Fifth, Eighth, and Tenth Circuits have done the same when interpreting this provision and the materially indistinguishable text of § 2252, *see Hubbard*, 480 F.3d at 347 ("We must assume that Congress chose the words 'relating to' [in § 2252A(b)(1)] for a purpose."); *United States v. Weis*, 487 F.3d 1148, 1152 (8th Cir. 2007) (construing "relating to" broadly in § 2252); *United States v. McCutchen*, 419 F.3d 1122, 1127 (10th Cir. 2005) (same). In short, § 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense.

3

Finally, experience indicates that when Congress intends to require a state offense to be congruent to a corresponding federal offense for sentencing enhancement purposes, it will draft such a requirement expressly. For example, 18 U.S.C. § 2241(c) requires a life sentence where the defendant "has previously been convicted of another Federal offense under this subsection, *or of a State offense that would have been an offense under either such provision had the offense occurred in a federal prison*." 18 U.S.C. § 2241(c) (emphasis added).[4] Similarly, 18 U.S.C. § 3559(e)(2)(B) defines a "State sex offense" for purposes of that subsection to mean "an offense under State law that is punishable by more than one year in

---

[4]The phrase "either such provision" refers to 18 U.S.C. §§ 2241(c) and 2243(a). *United States v. Etimani*, 328 F.3d 493, 503 (9th Cir. 2003).

prison and *consists of conduct that would be a federal sex offense.*" 18 U.S.C. § 3559(e)(2)(B) (emphasis added).

Sinerius cites both § 2241(c) and § 3559(e)(2)(B) as evidence that his Montana conviction is not a predicate offense "relating to . . . sexual abuse" under § 2252A(b), relying on our decision in *Etimani v. United States*, 328 F.3d 493 (9th Cir. 2003), as support. Given the material differences in the statutory language, however, Sinerius's reliance on *Etimani* is misplaced. In *Etimani*, we refused to qualify categorically a conviction under a state statute prohibiting "sexual contact" as a predicate offense under § 2241(c). The state statute defined "sexual contact" to include touching through clothing, while § 2241(c) required "skin-to-skin contact." *Etimani*, 328 F.3d at 503.

But as discussed previously, § 2241(c) expressly requires that a state predicate offense include all the elements of a corresponding federal crime; § 2252A(b) imposes no such limitation. For that reason, *Etimani* not only fails to support Sinerius's interpretation, it provides reliable evidence that Congress's failure to include an equivalency requirement in § 2252A(b) manifested its intent that no such requirement exist. *See Hubbard*, 480 F.3d at 348 (concluding that the terms "aggravated sexual abuse," "sexual abuse," and "abusive conduct involving a minor" in § 2252A(b)(1) are "generic terms, describing generic offenses" without reference to federal offenses defined elsewhere in the Code).

**[9]** Accordingly, we interpret § 2252A(b) in light of its plain text and reject Sinerius's argument that a state conviction "relating to . . . sexual abuse" must meet the federal definition of sexual abuse under § 2242 in order to qualify as a predicate offense for purposes of § 2252A. We therefore conclude that Sinerius's conviction under the Montana sexual assault statute categorically qualifies as a predicate offense triggering the sentencing enhancement under § 2252A(b).

## C

Since we conclude that Sinerius's prior Montana conviction categorically qualifies as "sexual abuse" for purposes of § 2252A(b), we need not consider whether the conviction would also qualify as "aggravated sexual abuse" or "abusive sexual conduct involving a minor" under the same provision, nor is it necessary that we examine Sinerius's conviction under the "modified" categorical approach.

## III

For the foregoing reasons, we agree with the district court's determination that Sinerius's prior conviction under the Montana sexual assault statute qualifies as a predicate offense under §§ 2252A(b)(1) & (2). Therefore, we conclude that the district court did not err in imposing an enhanced mandatory minimum sentence of 15 years for Sinerius's conviction under § 2252A(a)(2) and an enhanced mandatory minimum sentence of 10 years for Sinerius's conviction under § 2252A(a)(5)(B). The decision of the district court is

**AFFIRMED.**