**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30290 |
| Plaintiff-Appellee, | D.C. No. CR 08-277-LAB |
| v. | |
| KENNETH J. HENDRYX, | MEMORANDUM * |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 3, 2010
Portland, Oregon

Before: KLEINFELD, BEA, and IKUTA, Circuit Judges.


Kenneth Hendryx pleaded guilty to one count of possession of a visual

depiction involving the use of a minor engaging in sexually explicit conduct in

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violation of 18 U.S.C. § 2252(a)(4)(B). The district court determined that the ten year mandatory minimum sentence applied. 18 U.S.C. § 2252(b)(2). Hendryx has a 1993 conviction for sexual abuse of a child under the age of sixteen in violation of Idaho Code Annotated § 18-1506. The district court sentenced Hendryx to 120 months' imprisonment, the mandatory minimum. Hendryx appeals his sentence.

18 U.S.C. § 2252(b)(2) imposes a mandatory minimum sentence of ten years' imprisonment for violations of § 2252(a)(4)(B) if the defendant has a qualifying prior conviction. Among those are prior convictions "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." Id. § 2252(b)(2). "We have broadly interpreted [the identical language in 18 U.S.C. § 2252A(b)(1)] to apply not simply to state offenses that are equivalent to sexual abuse, but rather to 'any state offense that stands in some relation, bears upon, or is associated with the generic offense.'" United States v. Strickland, No. 08-30091, 2010 WL 1529414, at *2 (9th Cir. Apr. 19, 2010) (en banc) (quoting United States v. Sinerius, 504 F.3d 737, 743 (9th Cir. 2007)).

Under Sinerius, sexual abuse for purposes of § 2252A(b) has two elements: (1) the abuse element, where "abuse" means "to use or treat so as to injure, hurt, or damage[;] to commit indecent assault on," which "encompasses behavior that is harmful emotionally and physically," and (2) the sexual element, where "'sexual' [is given] its ordinary and commonsense meaning." Sinerius, 504 F.3d at 740–41 (internal quotation marks omitted).

We apply the categorical approach of Taylor v. United States, 495 U.S. 575 (1990), to determine if Idaho Code Annotated § 18-1506 (!993) is a crime relating to sexual abuse of a minor. The crime covers sexual conduct between a person at least 18 years old and a victim under 16 years old. Idaho Code Ann. § 18-1506. This includes statutory rape of a 15-year-old by an 18-year-old, which, we have held, does not constitute abuse. See Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1160 (9th Cir. 2008) (en banc) (holding that statutory rape with a three-year age difference element is not per se abusive).

We therefore apply the modified categorical approach because the Idaho crime is broader than the generic crime in that it covers more than conduct "relating to sexual abuse . . . involving a minor or ward," Sinerius, 504 F.3d at 739

3

(alteration and internal quotations marks omitted), but it is not missing an element altogether, see Navarro-Lopez v. Gonzales, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc). Estrada-Espinoza does not apply to this case because the mandatory minimum in 18 U.S.C. § 2252(b)(2) does not require that the prior conviction conform to the federal sexual abuse of a minor statute, and instead covers a broader range of state crimes relating to sexual abuse of a minor under Sinerius and Strickland. A four-year age difference is not a required element of the generic crime that triggers the mandatory minimum of § 2252(b)(2), so Hendryx's Idaho conviction is not missing an element of the generic crime. Therefore, we are not precluded from applying the modified categorical analysis to Hendryx's prior conviction.

Under the modified categorical approach, Hendryx's prior conviction for sexual abuse of a minor in violation of Idaho Code Annotated § 18-1506 is a conviction relating to sexual abuse of a minor. The amended information in Hendryx's Idaho conviction establishes that Hendryx was 41 when he committed the crime and his victim was 12. The district court properly looked to the amended information to determine that although it is possible for an 18-year-old to violate § 18-1506, Hendryx was 41, not 18, when he violated the statute. See Shepard v.

4

United States, 544 U.S. 13, 16 (2005) (holding that the charging document may be used in the modified categorical analysis). The amended information also establishes that Hendryx's conviction was both sexual and abusive to a minor.

The fact that Hendryx entered an Alford plea does not change the analysis. A plea based on North Carolina v. Alford, 400 U.S. 25 (1970), is a guilty plea where the defendant claims innocence but nevertheless pleads guilty, ordinarily to avoid risk of a harsher sentence. See State v. Jakoski, 79 P.3d 711, 712 n.1 (Idaho 2003) ("When making an Alford plea, [named after North Carolina v. Alford], the defendant pleads guilty while at the same time asserting that he or she is innocent of the charge."). An Alford plea is sufficient to trigger sentencing enhancements for that conviction. United States v. Guerrero-Velasquez, 434 F.3d 1193, 1197 (9th Cir. 2006). Moreover, such a plea admits all the factual allegations in the information. Id.

The district court was correct that, based on the modified categorical analysis of Hendryx's 1993 state conviction, the mandatory minimum ten year sentence applies. Hendryx's other challenges are to the sentencing guidelines calculation, in his case. Given that the district court calculated the guidelines range

5

to be 135–168 months, but chose to depart downwards and sentence Hendryx to the mandatory minimum of 120 months, and that Hendryx cannot receive a lower sentence than what he got, we need not reach the guidelines calculation or Hendryx's due process claim based on the introduction of the prior victim's testimony in the sentencing hearing.

**AFFIRMED.**