BYBEE, Circuit Judge, with whom Judge NOONAN joins,
specially concurring:
Our precedents in United States v. Sinerius, 504 F.3d 737 (9th Cir.2007), and Pelayo-Garcia v. Holder, 589 F.3d 1010 (9th Cir.2009), compel us to affirm Farmer’s sentence. I write separately to express my concerns with our current approach to defining “abusive sexual conduct involving a minor” for purposes of determining whether to apply a sentencing enhancement to violators of the federal child pornography statute, 18 U.S.C. § 2252A. My concerns are twofold. First, in defining “abusive sexual conduct involving a minor,” we have adopted uncritically the definition of “sexual abuse of a minor” we had used to interpret an unrelated immigration statute, without regard for the distinctive structure of § 2252A. See Sinerius, 504 F.3d at 742-43. Second, our recent attempts to distinguish the array of contradictory cases in this area of law has yielded the awkward result that we now apply two competing, but equally recognized, definitions of “sexual abuse of a minor.” See Pelayo-Garcia, 589 F.3d at 1012-15. I discuss each of these concerns in turn.
I
We first held in Sinerius that, for purposes of determining whether to apply an enhanced sentence to violators of § 2252A, the term “abusive sexual conduct involving a minor” should be interpreted according to the “ordinary, contemporary, and common meaning of the ... words.” Sinerius, 504 F.3d at 740 (quoting United States *423 v. Lopez-Solis, 447 F.3d 1201, 1206-07 (9th Cir.2006), and United States v. Baron-Medina, 187 F.3d 1144, 1146 (9th Cir.1999)). In doing so, the Sinerius panel incorporated into § 2252A the definition of “sexual abuse of a minor” that we had been using to interpret provisions of both the Immigration and Naturalization Act (INA), 8 U.S.C. § 1101(a)(43), and certain Sentencing Guidelines provisions that cover immigration violations, U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). See, e.g., Lopez-Solis, 447 F.3d at 1206-07 (using the “common meaning” to interpret U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)); Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1065-66 (9th Cir.2003) (using the “common meaning” of “sexual abuse of a minor” to determine whether an alien’s state law offense qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43), thereby rendering him removable); Baron-Medina, 187 F.3d at 1146 (using the “common meaning” definition to determine whether to apply a sentencing enhancement to defendant guilty of immigration offense based on past violation of state statute criminalizing “lewd or lascivious act[s]” with children under age fourteen). In Sinerius, however, we failed to consider the distinct structure of § 2252A. As used in the INA and the Guidelines, the term “sexual abuse of a minor” is listed alongside other violent crimes, such as murder, rape, and robbery. See 8 U.S.C. § 1101(a)(43); U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). In these contexts, it might make sense to define “sexual abuse of a minor” according to the ordinary, common meaning of the term because nothing in the structure of these provisions indicates that we should use any particular definition. See Baron-Medina, 187 F.3d at 1146.
By contrast, § 2252A provides for stiffer sentences where the defendant has a past conviction “relating to [1] aggravated sexual abuse, [2] sexual abuse, or [3] abusive sexual conduct involving a minor or ward.” 18 U.S.C. § 2252A(b)(2). Section 2252A(b)(2) treats these as three separate offenses, and not as a generic crime of “sexual abuse.” Strikingly, these three precise offenses are defined and punished as federal offenses in 18 U.S.C. §§ 2241, 2242, and 2243. To me, this indicates that when Congress created § 2252A(b)(2)’s three offenses, it wanted them defined by reference to the simultaneously enacted federal criminal statutes — consecutively numbered — of the same name. See 18 U.S.C. §§ 2241 (“aggravated sexual abuse”), 2242 (“sexual abuse”), 2243 (“sexual abuse of a minor or ward”).
Interpreting § 2252A(b)(2)’s three offenses according to §§ 2241, 2242, and 2243 would also eliminate the surplusage created if we interpret § 2252A(b)(2)’s offenses according to their “ordinary, contemporary, and common meaning.” Under the ordinary, contemporary meaning of “sexual abuse of a minor,” two of § 2252A’s offenses — aggravated sexual abuse and abusive sexual conduct involving a minor or ward — are rendered superfluous because those offenses indisputably fall within the broader definition of “sexual abuse.” See Sinerius, 504 F.3d at 744 (“Since we conclude that Sinerius’s prior [state] conviction categorically qualifies as ‘sexual abuse’ for purposes of § 2252A(b), we need not consider whether the conviction would also qualify as ‘aggravated sexual abuse’ or ‘abusive sexual conduct involving a minor’ under the same provision.... ”). The same is not true if we defined “aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward” according to §§ 2241, 2242, and 2243. When one plausible interpretation creates surplusage and another plausible interpretation does not, the latter generally controls. See Corley v. United States, *424 — U.S. -, 129 S.Ct. 1558, 1566, 173 L.Ed.2d 443 (2009) (“[0]ne of the most basic interpretive canons [is] that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.”) (internal quotation marks and alterations omitted).
Citing similar concerns, the Seventh Circuit recently held that the offense of “abusive sexual conduct involving a minor” from § 2252A should be given the statutory definition Congress supplied in § 2243(a). United States v. Osborne, 551 F.3d 718, 720-21 (7th Cir.2009). Acknowledging that there are differences between the statutory structures of § 2252A and the INA, the Seventh Circuit also declined to apply the same definition of “sexual abuse of a minor” to both § 2252A and the INA. See Gaiskov v. Holder, 567 F.3d 832, 837-38 (7th Cir.2009). I believe that, given the opportunity to revisit this issue, we would be well advised to embrace an approach similar to the Seventh Circuit’s by adopting a common law definition of the term for the INA, and a statutory definition for § 2252A. For now, however, we remain bound by Sinerius. 504 F.3d 737. See United States v. Strickland, 601 F.3d 963, 967 (9th Cir.2010) (en banc) (relying on Sinerius in affirming defendant’s enhanced sentence pursuant to § 2252A(b)).
II
My second problem with our approach to this area of the law concerns how our caselaw now recognizes two competing definitions of “sexual abuse of a minor.” At the time Sinerius borrowed the definition of “sexual abuse of a minor” from our immigration caselaw and incorporated it into § 2252A, our immigration cases provided for only one approach for defining the offense — in accordance with the “ordinary, contemporary, and common meaning” of the term. Sinerius, 504 F.3d at 740 (adopting a definition first set out in Baron-Medina, 187 F.3d at 1146). Our immigration caselaw in this area was subsequently thrown into disarray, however, by our en banc decision in Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008). Estrada-Espinoza held that, for purposes of determining whether an alien’s state conviction qualifies as “sexual abuse of a minor,” we should apply the definition of “sexual abuse of a minor” from § 2243(a). Id. at 1152-53. Although we did not overturn any of our prior cases, we failed to note that our holding was in conflict with a whole line of cases dating back to our original decision in 1999 in Baron-Medina, 187 F.3d at 1147. See also Lopez-Solis, 447 F.3d at 1206-07.
We have since struggled to reconcile Estrada-Espinoza with the Baron-Medina line of cases. In Medina-Villa, we attempted to reconcile our conflicting precedents by limiting the applicability of Estrada-Espinoza to statutory rape statutes only, while reaffirming the use of the Baron-Medina approach for all other state statutes criminalizing conduct understood to be “sexual abuse of a minor.” United States v. Medina-Villa, 567 F.3d 507, 514-16. Then, in Pelayo-Garcia, we again attempted to reconcile Estrada-Espinoza and Medina-Villa by arguing that we were bound by both definitions of the term. Pelayo-Garcia, 589 F.3d at 1013-16. As a consequence, if a state statute satisfies the definition of “sexual abuse of a minor” under either the Baron-Medina approach or Estrada-Espinoza approach, a violation of that statute would trigger removal or a mandatory minimum sentence. Most recently, we reaffirmed the Pelayo-Garcia approach in United States v. Castro, 607 F.3d 566 (9th Cir.2010), and United States v. Valencia-Barragan, 608 F.3d 1103 (9th Cir.2010).
*425 The result of our attempts to reconcile our precedents in this area has yielded a most awkward arrangement in which we have two definitions of the generic offense of “sexual abuse of a minor.” While this approach, first adopted in Pelayo-Garcia, might recommend itself because it did not require us to overrule any precedents, it burdens litigants with a needlessly confusing rule of law that has no compelling or principled rationale. To illustrate, the definition of “sexual abuse of a minor” under the Estradctr-Espinoza approach, which is based on the statutory definition in § 2243(a), differs from the “ordinary, common, contemporary” definition of the term used in the Baron-Medina approach in several significant ways. Applying the definition of “sexual abuse of a minor” from § 2243(a) would mean Farmer would only qualify for enhanced sentencing if the state statute required that he engage (1) knowingly, (2) in a sexual act, (3) with a minor aged between 12 and 16, (4) where there is an age difference of at least 4 years between the defendant and the minor. Estrada-Espinoza, 546 F.3d at 1158. By contrast, the Baron-Medina approach, which applies the “ordinary, contemporary, and common meaning” of the term, would subject Farmer to enhanced sentencing if the state statute requires (1) a sexual act, (2) with a minor, that is (3) abusive. See Lopez-Solis, 447 F.3d at 1206-07; Baron-Medina, 187 F.3d at 1147.
The differences between these two definitions have important consequences. First, while our definition under the Estrada-Espinoza approach requires the state statute to include a mens rea requirement of “knowingly” with respect to the sexual act, Baron-Medina is silent on mens rea. Second, while the Baron-Medina approach defines “sexual act” broadly, according to the “ordinary and commonsense meaning” of “sexual,” see Sinerius, 504 F.3d at 741, the Estrada-Espinoza formula adopts a detailed definition of “sexual act” from 18 U.S.C. § 2246(2), which requires direct physical contact. See Castro, 607 F.3d at 569-70. Third, state statutes that criminalize sexual conduct where the victim is older than sixteen or where there is less than a four-year age difference between the victim and perpetrator would never categorically qualify under the Estradctr-Espinoza approach, while the Baron-Medina approach does not require an age difference and is silent on how young the victim must be. Finally, the BarortrMedina method requires the state offense only cover conduct that is “abusive,” meaning “behavior that is harmful emotionally and physically,” whereas the Estrada-Espinoza approach does not. Lopez-Solis, 447 F.3d at 1207-1209.
Each definition is more restrictive than the other definition in some respects, and less demanding in other respects. The result is that a defendant is subject to an enhanced sentence according to whichever is the least demanding definition in a given circumstance. See Pelayo-Garcia, 589 F.3d at 1013-16. In Farmer’s case, his underlying California conviction qualifies as “sexual abuse of a minor” under the ordinary, common definition in Baron-Medina, but not under the statutory definition from § 2243(a) used in Estrada-Espinoza. Farmer is therefore subject to enhanced sentencing. Thus, the effect of allowing two dueling definitions of “sexual abuse of a minor” to coexist essentially gives the government the choice of whichever definition suits it best in a given instance, since the underlying state offense categorically qualifies as “sexual abuse of a minor” if it meets at least one of the two definitions. I do not believe this is the result Congress intended. Either the term “sexual abuse of a minor” should be defined according to its ordinary, common meaning, or according to § 2243(a), but it *426 cannot have two different definitions depending on whatever is more convenient for the government.
Were we writing on a blank slate, I would use one definition of the term “sexual abuse of a minor” in immigration cases and a different definition for § 2252A. For immigration cases, I believe it might make sense to revert to using exclusively the “ordinary, common, and contemporary” definition we first adopted in Baron-Medina. 187 F.3d at 1146. This is because, as I discussed in Part I, nothing in the structure of the INA or the Guidelines suggests that Congress intended for us to use the definition in § 2243(a). On the other hand, for purposes of reading § 2252A, the structure of the statute indicates that Congress wanted us to use exclusively the definition set out in § 2243(a), as the Seventh Circuit held in Osborne. 551 F.3d at 720-21. I would therefore read § 2252A according to § 2243(a)’s definition of “sexual abuse of a minor.”
Ill
This area of the law cries for clarification. For the time being, however, Sinerius requires us in § 2252A cases to define the term in accordance with our cases interpreting the INA and the Guidelines, 504 F.3d at 740, and Pelayo-Garcia requires us to apply two different definitions of “sexual abuse of a minor,” 589 F.3d at 1013-16.
Because this panel does not have the power to correct our missteps, I reluctantly concur in my own majority opinion.