**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50436 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00057-CAS-1 |
| v. | |
| CARL TISTHAMMER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

Before: NOONAN and FISHER, Circuit Judges, and MUELLER, District Judge.**

Carl Tisthammer appeals his conviction, following a jury trial, of three

counts of production of child pornography in violation of 18 U.S.C. § 2251(b), (e);

four counts of receipt of child pornography in violation of 18 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kimberly J. Mueller, District Judge for the U.S. District Court for Eastern California, sitting by designation.

2252(a)(2)(A), (b)(1); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Tisthammer now objects, for the first time, to several evidentiary determinations made at trial; he also objects to the district court's use of a prior California state conviction to enhance his sentence. Because the facts are known to the parties, we recount them here only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

At the outset, we note that because Tisthammer did not preserve any of these issues for appeal by objecting at trial, we now review the district court's rulings for plain error. To warrant reversal, the district court must have committed (1) error (2) that was plain and (3) affected Tisthammer's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). We then have discretion to correct the district court's error, but we employ it only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)) (internal quotation marks omitted).

Tisthammer contests his conviction for the receipt of child pornography by arguing that the district court plainly erred when it admitted as government exhibits a series of charts displaying Internet Protocol ("IP") addresses and the geographical locations which they match. The pornographic videos at issue were

downloaded from these IP addresses, and the charts were offered to show that the videos traveled in interstate and foreign commerce.

Tisthammer has failed to provide any authority that IP addresses or the Internet Corporation for Assigned Names and Numbers system that stores "WHOIS" information about the owners and locations of those addresses is an "assertive statement" any more than an address and telephone book would be. The underlying sources were voluminous, admissible, and made available to the defense. *See* Fed. R. Evid. 1006. The district court did not plainly err in admitting the chart summarizing them.

Tisthammer appeals the district court's admission into evidence of the testimony of two German law enforcement officers who investigated sex crimes involving some of the children in two of the four child pornography videos Tisthammer was convicted of possessing. The district court did not plainly err; had Tisthammer objected, it could reasonably have admitted the testimony under Federal Rule of Evidence 807.

Tisthammer argues that his 1984 misdemeanor conviction for violating Section 311.3 of the California Penal Code does not qualify as a predicate to enhance his sentence. The settled law of this court is stated by *United States v. Sinerius*, which held that 18 U.S.C. § 2252A, one of the statutes under which

3

Tisthammer was convicted, "does not simply mandate a sentencing enhancement for individuals convicted of state offenses equivalent to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense." 504 F.3d 737, 743 (9th Cir. 2007), *cert. denied*, 552 U.S. 1211 (2008). In finding that Tisthammer's 1984 conviction for violating Section 311.3 qualified as a sentencing enhancement predicate because it "related to" the production of child pornography, the district court did not plainly err. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)) (finding that plain error analysis looks to the law "at the time the district court made the alleged mistake" unless that law clearly changes between trial and appeal).

Tisthammer also objects to the sentencing enhancement because the fact of his prior conviction was not admitted by him or found true by a jury beyond a reasonable doubt. We have previously rejected this *Apprendi* argument. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1051 (9th Cir. 2009) (citations omitted).

**AFFIRMED**.

4