NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2013[*]
Decided October 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1165

| | |
|---|---|
| CARL TISTHAMMER, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 12-cv-1187-DRH |
| | |
| JEFFERY S. WALTON, | David R. Herndon, |
| *Respondent-Appellee.* | *Chief Judge.* |

**O R D E R**

Carl Tisthammer, an inmate housed at the federal penitentiary in Marion, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prisons' execution of his sentence through the Inmate Financial Responsibility Program ("IFRP"), the Bureau's voluntary program for guiding inmates in fulfilling their

---

[*] The respondent was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

financial obligations. *See* 28 C.F.R. § 545.10–11. The district court dismissed the petition, and we affirm.

Tisthammer was convicted in 2010 in the Central District of California of producing, receiving, and possessing child pornography, 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), 2252A(a)(5)(B), 2252A(b)(1–2), and sentenced to 420 months' imprisonment. The district court ordered him to pay $105,000 in restitution (for the child victim's benefit) and a special assessment of $800, but did not set a particular payment schedule. Tisthammer refused to participate in the IFRP to make payments. His conviction and sentence were affirmed on direct appeal. *United States v. Tisthammer*, 484 F. App'x 198 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 1286 (2013).

Tisthammer then petitioned under 28 U.S.C. § 2241, challenging the Bureau's authority to require him to adhere to a payment schedule through the IFRP. He alleged that while his direct appeal was pending, the Bureau improperly attempted to compel him to pay the court-ordered restitution and assessment through the IFRP and, he says, punished him for refusing to participate in the IFRP. The district court dismissed the petition, finding no evidence to suggest that Tisthammer's participation in the program had been ordered or compelled. Further, to the extent Tisthammer may have viewed the unavailability of certain privileges of participating (i.e., job-training programs, higher-status housing) as a "restriction" or "sanction" for his refusal to participate, the unavailability of those privileges was a consequence of his nonparticipation.

On appeal Tisthammer generally reiterates that the Bureau improperly attempted to compel him to participate—and penalized him for not participating—in the IFRP while his direct appeal was pending. He has not identified the "sanctions" he allegedly suffered, but he appears to suggest that the Bureau has punished him and other nonparticipating inmates by withholding (unspecified) privileges.

The district court did not err in dismissing Tisthammer's petition. Inmates who elect not to participate in the IFRP may, as a consequence, be denied certain privileges, such as assignment to work details outside the prison facility and higher-status housing. 28 C.F.R. § 545.11(d). As long as Tisthammer refused to join the IFRP—even during the pendency of his direct appeal—he was not entitled to those privileges. *See United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (explaining that inmates "d[o] not have a preexisting right to receive any of the benefits conditioned on [IFRP] participation"). Moreover, by denying privileges to inmates who opt out of the IFRP, the Bureau does not improperly compel them to

participate. *United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 2756 (2012); *Boyd*, 608 F.3d at 334; *Lemoine*, 546 F.3d at 1046–47.

AFFIRMED.