FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

APR 11 2014

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30225 |
| Plaintiff - Appellee, | D.C. No. 6:13-cr-00002-DLC |
| v. | |
| RONALD JAY MILLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Ronald Jay Miller appeals from the district court's judgment and challenges the 120-month sentence imposed following his guilty-plea conviction for accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Miller contends that the district court erred by concluding that his prior conviction for sexual assault, in violation of Mont. Code Ann. § 45-5-502, was an offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," triggering a 10-year statutory mandatory minimum sentence. *See* 18 U.S.C. § 2252A(b)(2). This contention is foreclosed by *United States v. Sinerius*, 504 F.3d 737, 744 (9th Cir. 2007). We reject Miller's argument that the rule of lenity, as recently described by the Supreme Court, requires us to overrule *Sinerius*. *See Barber v. Thomas*, 560 U.S. 474, 488 (2010) (rule of lenity "only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute") (internal quotations omitted); *see also Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

Further, contrary to Miller's contention, the existence of a prior conviction is a sentencing factor, not an element of the crime; therefore, it need not be charged in the indictment or found by the jury. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235, 241 (1998); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (declining to revisit *Almendarez-Torres*).

**AFFIRMED.**

13-30225