**NOT FOR PUBLICATION**



FILED

DEC 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30288 |
| Plaintiff-Appellee, | D.C. No. 6:15-cr-00014-CCL-1 |
| v. | |
| JAMES ANTHONY ANDREW WESTERMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted December 6, 2017[**]
Seattle, Washington

Before: O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

The district court properly denied James Westerman's motion to dismiss his

indictment for failure to register under the Sex Offender Registration and

Notification Act (SORNA) in violation of 18 U.S.C. § 2250(a).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Westerman's predicate offense—sexual battery in violation of Kan. Stat. Ann. § 21-5505(a)—is a sex offense for purposes of SORNA. *See* 34 U.S.C. § 20911(1), (5)(A)(i). A sex offense is "a criminal offense that has an element involving a sexual act or sexual contact with another." § 20911(5)(A)(i). "Sexual act" and "sexual contact" are undefined, so we use the "ordinary, contemporary, and common meaning of the statutory words." *United States v. Sinerius*, 504 F.3d 737, 740 (9th Cir. 2007) (quotation omitted). We are not persuaded that Congress intended "to import the elements of offenses delineated elsewhere in the U.S. Code," *id.* at 743, and therefore decline to import the definitions of "sexual act" and "sexual contact" found in 18 U.S.C. § 2246(2), (3).

Sexual contact is an element of the Kansas sexual battery statute. *See* Kan. Stat. Ann. § 21-5505(a). The statute does not limit the "character of the touching" required to commit the offense, but it does require that the touching be conducted with sexual intent, therefore criminalizing sexual contact. *See United States v. Rocha-Alvarado*, 843 F.3d 802, 808 (9th Cir. 2016) (quoting *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999)). The statute's requirement that the offense be committed with sexual intent also defeats Westerman's argument that it is impossible to know whether his conviction "was entered on a plea of reckless or intentional *mens rea*." Conduct committed "with the intent to

2

arouse or satisfy the sexual desires of the offender or another," Kan. Stat. Ann.

§ 21-5505(a), cannot be committed recklessly.

**AFFIRMED.**