**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30187 |
| Plaintiff-Appellee, | D.C. No. CR 16-14-H-CCL |
| v. | |
| DOMINICK JAMES HOWARD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted February 8, 2019**
Seattle, Washington

Before: IKUTA and CHRISTEN, Circuit Judges, and FREUDENTHAL,*** District Judge

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1

Defendant Dominick James Howard appeals his 120-month sentence following his guilty plea for one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

On appeal, Howard challenges the district court's finding that Mont. Code Ann. § 45-5-502 subjected him to the mandatory minimum penalty of ten years pursuant to 18 U.S.C. § 2252A(b)(2). We review de novo whether prior convictions support statutory mandatory-minimum enhancements. *United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015) (citation omitted). The district court did not err in applying the sentencing enhancement. *United States v. Sinerius*, 504 F.3d 737, 741-42 (9th Cir. 2007) (finding Mont. Code Ann. § 45-5-502 qualified as a prior conviction for sexual abuse). Howard claims *Sinerius* should be reconsidered, but this panel has no power to overrule circuit precedent. *Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that circuit precedent may be overturned only en banc, subject to exceptions not applicable here).

The district court did not err in altering its oral pronouncement at sentencing by imposing restitution in the written judgment. "[W]ithin 14 days after sentencing, the court may correct a sentence that resulted from . . . clear error." Fed. R. Crim. P. 35(a). Howard's restitution was mandatory. 18 U.S.C. §

2

2259(b)(4). The district court was authorized to correct the clear error in its oral pronouncement.

**AFFIRMED.**