**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DAVID COLTER WILES,
            *Defendant-Appellant.*

No. 10-30224

DC No.
9 09-cr-0019 DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
April 14, 2011—Seattle, Washington

Filed June 17, 2011

Before: Andrew J. Kleinfeld, A. Wallace Tashima, and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Tashima

---

**COUNSEL**

John Rhodes, Assistant Federal Defender, Missoula, Montana, for the defendant-appellant.

Leif M. Johnson, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

---

**OPINION**

TASHIMA, Circuit Judge:

We previously have held that a conviction for sexual assault in violation of Montana law is a "prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," such that a district court should apply the enhanced sentencing range of fifteen to forty years to a person convicted of transporting or receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(1), (2). *United States v. Sinerius*, 504 F.3d 737, 744 (9th Cir. 2007). This case presents the related question of whether a prior conviction for *attempted* sexual assault under Montana law is a predicate

offense triggering the application of the enhanced sentencing range. We conclude that the answer is yes.

## I.  Background

In 2002, Defendant-Appellant David Wiles pleaded guilty to attempted sexual assault in violation of Mont. Code Ann. § 45-5-103. In 2009, Wiles pleaded guilty in federal court to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2).[1] At sentencing, the district court concluded that Wiles' prior Montana conviction for attempted sexual assault was a predicate offense, such that the applicable sentencing range was fifteen to forty years, instead of the five to twenty year range that applies in the absence of a predicate offense. *See* § 2252A(b)(1). The district court imposed the maximum sentence of forty years.

## II.  Standard of Review

This court "review[s] de novo a district court's conclusion that a prior conviction qualifies for a sentencing enhancement." *United States v. Strickland*, 601 F.3d 963, 967 (9th Cir. 2010) (en banc) (quoting *United States v. Almazan-Becerra*, 537 F.3d 1094, 1097 (9th Cir. 2008)).

## III.  Discussion

**[1]** "A defendant convicted for violating § 2252A is subject to an enhanced sentence if he has a prior state conviction 'relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor.' " *Id.* at 967 (quoting § 2252A(b)(1), (2)). "We have broadly interpreted this statute to apply not simply to state offenses that are equivalent to sexual abuse, but rather to 'any state offense that stands in some relation, bears upon, or is associated with that generic

---

[1]Except where indicated, statutory references in this opinion are to Title 18 of the United States Code.

offense.' " *Id.* (quoting *Sinerius*, 504 F.3d at 743). To determine whether a prior conviction qualifies as a predicate offense under § 2252A(b), "we rely on the familiar two-step test set forth in *Taylor v. United States*, 495 U.S. 575 (1990)." *Sinerius*, 504 F.3d at 740; *Strickland*, 601 F.3d at 967. First, we examine the definition of the predicate offense in the federal statute. *Sinerius*, 504 F.3d at 740. Here, § 2252A's enhanced sentencing range applies to a person convicted "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." § 2252A(b)(1). Thus, "the relevant offenses under § 2252A(b) are those 'relating to . . . aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.' " *Sinerius*, 504 F.3d at 740 (citation omitted). Second, we compare the elements of the state criminal offense with the predicate offense as defined in the federal statute. *Strickland*, 601 F.3d at 967.

**[2]** We applied the *Taylor* categorical approach in *Sinerius*, concluding that a conviction for sexual assault under Montana law is a predicate offense under § 2252A(b)(1). *Sinerius*, 504 F.3d 744. Accordingly, the only question before us is whether *attempted* sexual assault under Montana law is also a predicate offense. The parties' arguments center on the correct mode of analysis to employ to answer this question. Wiles argues that we should engage in a second categorical analysis, such that his "prior conviction for attempted sexual assault qualifies as a predicate offense only if Montana's definition of *both* 'sexual assault' and 'attempt' are coextensive with the respective common law definitions." The government disagrees. It argues that because "attempt" is not part of the definition of the predicate offense in § 2252A(b)(1), the categorical approach applies only to the definition of sexual assault. At that point, "the correct test is whether Montana's attempted sexual assault statute *stands in some relation to or pertains to* a generic offense in § 2252A(b), in this case, 'sexual abuse.' " For the reasons stated herein, we adopt the approach advocated by the government.

Wiles' argument is based on *United States v. Saavedra-Velazquez*, which examined whether attempted robbery under California Penal Code § 211 is a "crime of violence" justifying a 16-level upward adjustment of the base offense level under U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). 578 F.3d 1103, 1106 (9th Cir. 2009); *see also United States v. Sarbia*, 367 F.3d 1079 (9th Cir. 2004) (applying categorical approach to determine whether prior conviction for attempted discharge of a firearm under Nevada law is a "crime of violence" under U.S.S.G. § 4B1.2). In *Saavedra-Valazquez*, we noted that it was already established that a completed robbery under California Penal Code § 211 is a crime of violence. 578 F.3d at 1106. We then applied the categorical approach to "attempt," explaining that "a prior state conviction for an attempt to commit an offense that would qualify as a 'crime of violence' is itself categorically a 'crime of violence' only if the state definition of attempt is no broader than the corresponding federal or common law definition." *Id.* at 1107. We concluded that the California and common law definitions of attempt were "coextensive" such that attempted robbery was a "crime of violence"; thus, a sentencing enhancement was appropriate. *Id.* at 1110.

**[3]** In advocating that we apply the same approach to this case, Wiles overlooks a key difference between the language of § 2252A and the statutory language at issue in *Saavedra-Valazquez*. *Saavedra-Valazquez* addressed a prior conviction for a "crime of violence," which by definition includes "the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." U.S.S.G. § 2L1.2 cmt. 5. Section 2252A(b), by contrast, makes no mention of "attempt." Because the categorical approach requires a court to compare "the elements of the state criminal offense with the predicate offense *as defined in the federal statute*," there is no basis to compare the Montana attempt statute to the federal law of attempt — attempt is not part of the definition of the predicate offense. *See Strickland*, 601 F.3d at 967 (citing *Sinerius*, 504 F.3d at 740) (emphasis added).

This conclusion is supported by *Rebilas v. Mukasey*, 527 F.3d 783 (9th Cir. 2008). In *Rebilas*, an immigration case, the court was required to decide whether a prior conviction for attempted sexual public indecency to a minor under Arizona law was categorically a conviction for attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) & (U) (defining "aggravated felony"). The court explained:

> To hold that Rebilas's conviction was categorically a conviction for attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U), we would have to hold not only that Arizona's definition of public sexual indecency to a minor under ARS § 13-1403(B) was categorically sexual abuse of a minor, but also that Arizona's definition of attempt under ARS § 13-1001 was a categorical match with the federal definition of attempt. This would require a second *Taylor* analysis, comparing the elements of attempt under Arizona law and the elements of attempt under 8 U.S.C. § 1101(a)(43)(U).

*Id.* at 787.

The statute at issue in *Rebilas* specifically provides that an "aggravated felony" includes "an attempt or conspiracy to commit" sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A), (U). Similarly, the Sentencing Guideline at issue in *Saavedra-Valazquez* specifically provides that a "crime of violence" includes "the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." U.S.S.G. § 2L1.2 cmt. 5. Attempt is therefore part of the definition of the predicate offense and properly analyzed in a second categorical analysis. The same cannot be said of the statute here. There simply is no statutory language on which to base a second categorical analysis.

**[4]** Instead, we adopt the approach advocated by the government and conclude that attempted sexual assault under

Montana law "relates to" sexual assault under Montana law and therefore is a predicate offense under § 2252A. In doing so, we join two of our sister circuits. In *United States v. Stults*, 575 F.3d 834 (8th Cir. 2009), the Eighth Circuit reasoned that the statutory language "*relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," must be read broadly to encompass convictions for attempt, where the completed offense would qualify as a predicate offense. *Id.* at 845 (construing the sentencing enhancement language in § 2252(b)(1)) (citing *Morales v. Trans World Airlines*, 504 U.S. 374, 383 (1992) (additional citations omitted)). This is because the "ordinary meaning" of the phrase "relating to" "is a broad one — 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.' " *Morales*, 504 U.S. at 383 (quoting *Black's Law Dictionary* 1158 (5th ed. 1979)) (discussing express preemption). An attempt conviction "clearly 'stands in some relation to' or 'pertains to' the crimes of aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" and therefore qualifies as a predicate offense under § 2252(b)(1). *Stults*, 575 F.3d at 846.

The Fifth Circuit reached the same result in *United States v. Hubbard*, 480 F.3d 341, 345 (5th Cir. 2007). *Hubbard* considered whether a prior state conviction for attempting to make lewd or indecent proposals to a child under the age of 16 was a predicate offense under § 2252A(b)(1). *Id.* The court concluded that it was, even if there was no sexual contact. *Id.* at 347. "We must assume," the court reasoned, "that Congress chose the words 'relating to' for a purpose." *Id.* The meaning of the phrase "relating to" is broad enough to encompass attempted sexual abuse. *Id.* An attempt to commit an offense "stands in some relation to" the completed offense and so qualifies for the enhanced sentencing range of § 2252A(b)(1). *See id.*; *but see United States v. McGrattan*, 504 F.3d 608, 612 (6th Cir. 2007) (rejecting this approach).

[5] Our conclusion is grounded in the Montana law of attempt. The Montana Supreme Court has explained:

> To be guilty of the underlying offense of sexual assault, a person must knowingly subject another person to "sexual contact" without consent. Section 45-5-502, MCA. Sexual contact requires a touching of the sexual or other intimate parts of the victim for the purpose of arousing or gratifying the sexual desire of either party. Section 45-2-101(60), MCA. An "attempt" requires proof that the defendant, with the purpose of committing the underlying offense, took any act toward commission of the offense. Section 45-4-103(1), MCA.

*State v. Fuller*, 880 P.2d 1340, 1342 (Mont. 1994) (reversing conviction where there was no evidence that the defendant, after volleying sexual comments at three girls from his truck, slowed down, stopped, or opened the door). To be convicted of attempted sexual assault, then, an actual touching is not required but it must be shown "beyond a reasonable doubt that the defendant intended to actually touch the victims." *Id.* Essentially, the sexual assault must "be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter." *State v. Gunderson*, 237 P.3d 74,85 (Mont. 2010). The statute and the case law make clear that an attempt under Montana law "relates to" the completed offense. We therefore conclude that a conviction for attempted sexual assault under Montana law "relates to" sexual abuse within the meaning of § 2252A(b)(1). The district court did not err in applying the sentencing enhancement.

The judgment and sentence of the district court is **AFFIRMED.**