RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0263p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

            *Plaintiff-Appellee,*

    *v.*

CHRISTOPHER J. MATEEN,

            *Defendant-Appellant.*

No. 14-4165

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:12-cr-00041—Edmund A. Sargus, Jr., Chief District Judge.

Argued: October 6, 2015

Decided and Filed: November 3, 2015

Before: SILER, CLAY, and GIBBONS, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ARGUED:** Kevin M. Schad, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellant. Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Kevin M. Schad, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellant. Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

JULIA SMITH GIBBONS, Circuit Judge. A federal statute prohibiting the sale, distribution, and possession of child pornography includes a sentencing enhancement that applies to offenders with a prior conviction "under the laws of any State relating to . . . sexual abuse."

1

18 U.S.C. § 2252(b)(2).  Christopher Mateen pled guilty to possession of child pornography in violation of section 2252, and he appeals the district court's decision to apply the statutory sentencing enhancement.  At issue is whether Mateen's 2006 Ohio conviction for gross sexual imposition in violation of Ohio Revised Code § 2907.05 qualifies as a conviction under a state law relating to sexual abuse.  We conclude that his conviction for gross sexual imposition under Ohio law triggers enhancement under section 2252(b)(2) and affirm the district court's judgment.

## I.

In 2012, police found child pornography on Christopher Mateen's computer, and he pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252.  A few years prior, Mateen had pled guilty to gross sexual imposition in violation of Ohio Revised Code § 2907.05.  This law prohibits sexual contact that is non-consensual by virtue of (a) force or threats of force, (b) the administration of drugs or other intoxicants, (c) a victim less than thirteen years old, or (d) a victim substantially impaired in his ability to resist or consent.  Ohio Rev. Code § 2907.05(A).

Based on this Ohio conviction for gross sexual imposition, the government sought application of a sentencing enhancement.  A violation of section 2252(a)(4) carries a maximum sentence of ten years for first-time violators, 18 U.S.C. § 2252(b)(2), but the federal statute also includes a sentencing enhancement for offenders with certain qualifying convictions.  One aspect of the enhancement, relevant here, applies to an individual with a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."  18 U.S.C. § 2252(b)(2).  Such a person "shall be . . . imprisoned for not less than 10 years nor more than 20 years."  *Id.*  Though the government sought application of this enhancement, Mateen, in his plea agreement, reserved the right to contest its applicability to him.

At sentencing, the district court applied the categorical approach of *Taylor v. United States,* 495 U.S. 575 (1990), and found that Mateen's gross sexual imposition conviction "categorically qualifies to enhance his sentence under § 2252(b)(2)."  Op. and Order, *United States v. Mateen*, No. 2:12-CR-41, at 4 (S.D. Ohio Nov. 26, 2014), ECF No. 60.  The court defined "sexual abuse" based on its ordinary meaning, following the approaches of the Fifth,

Eighth, and Ninth Circuits. Specifically, the district court defined "abuse" as "misuse . . . to use or treat so as to injure, hurt, or damage . . . to commit indecent assault on." *Id.* (quoting *United States v. Pallares-Galan,* 359 F.3d 1088, 1100 (9th Cir. 2004)). It then defined "sexual" as "intent to seek sexual or libidinal gratification." *Id.* (citing *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009); *United States v. Sinerius*; 504 F.3d 737 740–41 (9th Cir. 2007)). Based on this definition, the court held that every section of Ohio Revised Code § 2907.05 relates to sexual abuse. It concluded that the sentencing enhancement of 18 U.S.C. § 2252 applied and sentenced Mateen to 130 months' imprisonment.

## II.

Mateen first argues that his prior Ohio conviction for gross sexual imposition, Ohio Rev. Code § 2907.05, does not qualify as a federal generic offense for which the sentencing enhancement under § 2252(b)(2) must be imposed. "This court reviews *de novo* a district court's legal conclusion that a prior conviction triggers a mandatory minimum sentence." *United States v. Gardner,* 649 F.3d 437, 442 (6th Cir. 2011) (citing *United States v. McGrattan*, 504 F.3d 608, 610 (6th Cir. 2007)).

When deciding whether a prior state-law conviction triggers an enhanced sentence, we begin with a categorical approach. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). We look first to the "fact of conviction and the statutory definition of the prior offense"—not the facts underlying the conviction—to determine the nature of the crime. *Taylor*, 495 U.S. at 602; *United States v. Davis*, 751 F.3d 769, 774–75 (6th Cir. 2014) (citation omitted). If the state crime of conviction has the same elements as the generic offense—"the offense as commonly understood"—then the prior conviction can serve to enhance the federal sentence. *See Descamps*, 133 S. Ct. at 2281, 2283.

The statutory enhancement at issue here applies to an offender with a prior state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). An offender sentenced under the section 2252(b)(2) enhancement is subject to a mandatory ten-year minimum sentence rather than a ten-year maximum sentence. *Id.* Because the government's sole argument is that the section 2252

enhancement for state convictions relating to sexual abuse applies, we need only analyze whether Ohio's gross sexual imposition statute "relat[es] to . . . sexual abuse."

**A.**

Applying the *Taylor* framework, we begin by defining the generic offense of "sexual abuse." *See Descamps*, 133 S. Ct. at 2281. Mateen urges us to look to the statutory definition of sexual abuse from 18 U.S.C. § 2242, located in chapter 109A of the Federal Criminal Code, in construing 18 U.S.C. § 2252, found in chapter 110. The government, however, advocates the adoption of the ordinary meaning of sexual abuse, the approach of the district court. In *United States v. Dattilio*, another case involving Ohio's gross sexual imposition statute, we declined to address which approach is appropriate. 442 F. App'x 187, 190 n.4 (6th Cir. 2011).

We now reject Mateen's argument that we should determine whether Ohio's gross sexual imposition statute relates to sexual abuse by reference to the sexual abuse definition in chapter 109A. As the Ninth and Second Circuits have observed, "[section] 2252[(b)(2)] employs broader language when defining state convictions that qualify as a predicate sex offense[] than it does when defining predicate federal offenses, such as those located in chapter 109A." *United States v. Barker*, 723 F.3d 315, 322 (2d Cir. 2013) (per curiam) (quoting *Sinerius*, 504 F.3d at 743). While enhancing a sentence for a prior federal offense under section 2252(b)(2) requires an offender to commit a specified crime, including crimes listed in chapter 109A, a prior state conviction requires only that the defendant have been convicted of a state offense "relating to . . . sexual abuse." *Id.* Other circuits have broadly interpreted the phrase "relating to" as triggering sentence enhancement for "any state offense that stands in some relation, bears upon, or is associated with that generic offense." *United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015) (quoting *Sinerius*, 504 F.3d at 743); *Barker*, 723 F.3d at 322–23 (quoting *Sinerius* with approval); *United States v. McGarity*, 669 F.3d 1218, 1262 (11th Cir. 2012) (same); *see also United States v. Colson*, 683 F.3d 507, 511–12 (4th Cir. 2012) ("Numerous courts of appeals agree that Congress chose the expansive term 'relating to' in § 2252(A)(b)(1) to ensure that individuals with a prior conviction bearing some relation to sexual abuse . . . receive enhanced

minimum and maximum sentences.");[1] *Sonnenberg*, 556 F.3d at 671 (adopting "stand in some relation" formulation).[2]

Analyzing the sentencing enhancement for repeat offenders in chapter 109A also indicates that the state statute of conviction need not mirror the chapter 109A definition of sexual abuse in order to trigger enhancement under section 2252(b)(2). Chapter 109A defines "prior sex offense conviction" with reference to section 2426(b). 18 U.S.C. § 2247(b). This section provides that prior offenses triggering the mandatory minimum include any conviction "under State law for an offense consisting of conduct that would have been an offense [under chapter 117, chapter 109A, chapter 110, or section 1591] if the conduct had occurred within" federal territorial jurisdiction. *Id.* at § 2426(b); *Barker*, 723 F.3d at 323. Thus, when a sentence enhancement based on a state conviction requires the state statute to mirror the federal one, the enhancement statute is explicit. Section 2252(b)(2)'s "relating to" language, however, requires only that the state statute be associated with sexual abuse.

Based on the language of section 2252(b)(2) and the approaches of our sister circuits, we define the generic federal offense of "sexual abuse" using its common meaning. The penalty provisions of section 2252 appear in Chapter 110, which contains a definition section but does not define "sexual abuse." *See* 18 U.S.C. § 2256. "When the text of a statute contains an undefined term, that term receives its ordinary and natural meaning." *Limited, Inc. v. Comm'r*, 286 F.3d 324, 332 (6th Cir. 2002) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476 (1994)). "Sexual" is commonly understood to mean "of or relating to the sphere of behavior associated with libidinal gratification." *Webster's Third New International Dictionary* 2082 (1981). Other circuits have also defined "sexual" in this context according to its ordinary meaning. *Sonnenberg*, 556 F.3d at 671 (defining "sexual" as "the intent to seek libidinal gratification"); *Barker*, 723 F.3d at 324; *Colson*, 683 F.3d at 510; *United States v. Hubbard*, 480 F.3d 341, 348–49 (5th Cir. 2007); *United States v. Stevens*, 158 F. App'x 133, 136 (10th Cir.

---

[1]As the district court notes, 18 U.S.C. sections 2252A(b) and 2252(b) are worded identically, and we have treated the provisions as interchangeable. *See Dattilio*, 442 F. App'x at 190 n.2; *see also McGrattan*, 504 F.3d at 611 (noting that sections 2252(b)(2) and 2252A(b)(1) are "materially indistinguishable").

[2]The Supreme Court, in a different statutory context, has also interpreted the phrase "relating to" in an inclusive fashion, defining it as "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992).

2005); *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001). "Abuse," according to its common meaning, is "to use or treat so as to injure, hurt, or damage." *Webster's Third New International Dictionary* 8 (1981); *see also United States v. Baza-Martinez*, 464 F.3d 1010, 1015 (9th Cir. 2006); *Padilla-Reyes*, 247 F.3d at 1163. Thus, sexual abuse, consistent with its common meaning, connotes the use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification. This definition is in accord with the plain meaning of the statutory terms and the decisions of our sister circuits.

**B.**

We now turn to the Ohio crime of conviction at issue here in order to compare it with the federal generic offense of sexual abuse. Mateen's conviction was for gross sexual imposition in violation of Ohio Revised Code § 2907.05, which provides:

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.

(2) For the purpose of preventing resistance, the offender substantially impairs the judgment or control of the other person or of one of the other persons by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.

(3) The offender knows that the judgment or control of the other person or of one of the other persons is substantially impaired as a result of the influence of any drug or intoxicant administered to the other person with the other person's consent for the purpose of any kind of medical or dental examination, treatment, or surgery.

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

(5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other

> persons is substantially impaired because of a mental or physical condition or because of advanced age.

> (B) No person shall knowingly touch the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, whether or not the offender knows the age of that person, and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Ohio Rev. Code § 2907.05(A)–(B).   Ohio defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." *Id.* at § 2907.01(B).

Under the categorical approach, we determine whether the Ohio statute, by its nature and elements, "relat[es]" to "sexual abuse," as defined above. *See Taylor*, 495 U.S. at 599. That is, the full range of conduct the statute proscribes, even the least egregious, must qualify as an offense "relating to . . . sexual abuse." *Sinerius*, 504 F.3d at 741; *see Descamps*, 133 S. Ct. at 2283. All of the conduct section 2907.05 proscribes relates to sexual abuse. Each section of the statute proscribes sexual contact that is non-consensual by virtue of force, threats of force, impairment, or age, and therefore abusive. *See Sinerius*, 504 F.3d at 741 (holding that a Montana statute prohibiting non-consensual "touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying . . . sexual desire" categorically qualifies as "sexual abuse"); *United States v. Allen*, 750 F.3d 209, 212 (2d Cir. 2014) (same). Gross sexual imposition under Ohio law therefore qualifies as a conviction relating to sexual abuse.

Mateen argues that the gross sexual imposition statute is overbroad because of Ohio's expansive definition of "sexual contact" as the "touching of an 'erogenous zone.'" In support, he offers a series of Ohio gross sexual imposition cases involving parts of the body not typically considered sexual which courts have nonetheless deemed erogenous zones: the arm, shoulder, stomach, mouth, and male chest. Though all of the parts of the body at issue might not be inherently sexual, all of the cases involve victims being touched for the purpose of sexual gratification. *State v. Kleyman*, No. 90817, 2008 WL 5259723, at *1–2, *5 (Ohio Ct. App. Dec. 18, 2008) (noting evidence of defendant's sexual arousal after he rubbed the victim's arm and

shoulder and touched her stomach beneath her bathing suit top); *State v. Ball*, No. 07CA2, 2008 WL 274794, at \*6–7 (Ohio Ct. App. Jan. 28, 2008) (stating that conviction for gross sexual imposition was predicated on defendant's touching victim's mouth with his penis); *State v. Dooley*, No. 84206, 2005 WL 376597, at \*3 (Ohio Ct. App. Feb. 17, 2005) (finding that male victim's chest was an erogenous zone where defendant kissed and sucked victim's nipple); *State v. Miesse*, No. 99-CA-74, 2000 WL 1162027, at \*1–2 (Ohio Ct. App. Aug. 18, 2000) (citing defendant's testimony that touching, kissing, and blowing on victims' stomachs involved his sexual gratification). The key question then is not where the victim was touched but whether the touching was sexually motivated. In other words, the elements of sexual abuse are (1) physical contact (2) motivated by a desire for sexual gratification that (3) involves mistreatment of or injury to the victim. The gross sexual imposition statute's requirement of "sexual contact" satisfies the first two elements, and its requirement that this contact be non-consensual satisfies the third. Given the broad sweep created by the sentencing enhancement's language—"a prior conviction . . . under the laws of any State *relating to* . . . sexual abuse," 18 U.S.C. § 2252(b) (emphasis added)—all possible violations of Ohio's gross sexual imposition statute relate to sexual abuse.

## IV.

Mateen next argues that under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the government was required to prove beyond a reasonable doubt that his prior conviction qualified for enhancement. We review for plain error a defendant's challenge to the procedural reasonableness of his sentence that was not raised below and therefore not properly preserved for appellate review. *United States v. Herrera-Zuniga*, 571 F.3d 568, 579 (6th Cir. 2009); *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008).

Our precedents in *United States v. Davis*, 751 F.3d 769 (6th Cir. 2014), and *United States v. Nagy*, 760 F.3d 485 (6th Cir. 2014), dispense with Mateen's argument. In *Nagy*, we held that "*Alleyne* does not stand for the proposition that a defendant's prior convictions must be submitted to a jury and proven beyond a reasonable doubt, even when the fact of those convictions increases the mandatory minimum sentence for a crime." 760 F.3d at 488. We held

likewise in *Davis*, a case examining the application of a mandatory minimum under 18 U.S.C. § 2252, the statute at issue here.  751 F.3d at 772–74.  "[T]he fact of a prior conviction," we noted, "can still be found by a judge by a preponderance of the evidence . . . ." *Id.* at 774 (citing *United States v. Keglar*, 535 F. App'x 494, 495 (6th Cir. 2013)).  Thus, the district court did not err by enhancing Mateen's sentence without requiring proof beyond a reasonable doubt.

## V.

For the foregoing reasons, we affirm the judgment of the district court that Mateen's conviction for gross sexual imposition qualifies as a conviction "relating to" sexual abuse.