**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0651n.06

Case No. 20-5006

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 16, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| MATTHEW J. O'NEAL, | ) | KENTUCKY |
| Defendant-Appellant. | ) | |

BEFORE: NORRIS, SUTTON, and KETHLEDGE, Circuit Judges.

SUTTON, Circuit Judge. Matthew O'Neal pleaded guilty to possessing child pornography. 18 U.S.C. § 2252A(a)(5)(B). The child pornography statute imposes a ten-year mandatory-minimum sentence if the defendant has a prior conviction "under the laws of any State relating to . . . sexual abuse." *Id*. § 2252A(b)(2). The district court found that O'Neal's Kentucky conviction for attempted first-degree sexual abuse qualified. We affirm.

What does it mean for a state law to "relat[e] to . . . sexual abuse"? *Id.* Sexual abuse covers actions that "injure, hurt, or damage for the purpose of sexual or libidinal gratification." *United States v. Mateen*, 806 F.3d 857, 861 (6th Cir. 2015). And "relat[e] to" is a "broad" phrase, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (quotation omitted), one that requires "only that the state statute be associated with sexual abuse," *Mateen*, 806 F.3d at 861; *see also United*

*States v. Sinerius*, 504 F.3d 737, 743 (9th Cir. 2007); *United States v. McGarity*, 669 F.3d 1218, 1262 (11th Cir. 2012).

Both phrases considered, a state conviction counts under the statute if it is "associated with" actions that "injure, hurt, or damage for the purpose of sexual or libidinal gratification."

That's not the end of it. The "categorical approach" guides the matching inquiry. *United States v. Parrish*, 942 F.3d 289, 295–96 (6th Cir. 2019). Instead of just looking at the facts of O'Neal's prior conviction, we consider the range of conduct criminalized by the Kentucky law to see if convictions under the law categorically relate to sexual abuse. *See Taylor v. United States*, 495 U.S. 575, 600 (1990). If the least culpable conduct proscribed by the statute relates to sexual abuse, the entire statute does. *Perez v. United States*, 885 F.3d 984, 987 (6th Cir. 2018).

What conduct generally criminalized under the state law, then, least relates to sexual abuse? The parties agree that the conduct least related to sexual abuse, but criminalized under Kentucky's first-degree sexual abuse statute, is knowingly masturbating in the presence of a minor. *See* K.R.S. §§ 510.110(1)(c)(2), 510.110(1)(d). Does that conduct relate to sexual abuse? Is it associated with actions that "injure, hurt, or damage for the purpose of sexual or libidinal gratification"? *Mateen*, 806 F.3d at 861.

We think so. Masturbation is "for the purpose of sexual or libidinal gratification." *Id.* And masturbating in a minor's presence constitutes action that "hurt[s] or damage[s]" the child. *Id.* Why? Whether or not the minor provides the mental stimulus for the masturbation, exposing a minor to sexually explicit acts is hurtful and damaging. Even if the minor is unaware of the masturbation (perhaps because the child is asleep), such conduct creates serious risks anyway because the child could wake up or find out about it after the fact.

Through it all, the key point is that the federal statute requires only that the state law "relate to" sexual abuse. Masturbating in the presence of a child, whether the child is awake or asleep, whether the child participates or not, "relates to" sexual abuse.

In challenging this conclusion, O'Neal claims that *Mateen* shows that sexual abuse requires "physical contact" or "intent to cause harm for the purpose of sexual gratification." Appellant's Br. 12, 15. But this part of *Mateen* merely described the elements of the Ohio crime at issue in that case. 806 F.3d at 863. That the elements of this Ohio crime were sufficient to "relate to" sexual abuse in *Mateen* does not establish what is necessary in other cases. And the elements of that Ohio statute don't change the general definition of sexual abuse provided in *Mateen* and applied here. *Id.* at 861.

Keep in mind that, even if Kentucky's sexual abuse statute can be violated in ways that make it broader than the generic definition of sexual abuse, that shows only that there is not a perfect match. But a perfect match is not required to satisfy the "relates to" scope of the law. That's unlike the Armed Career Criminal Act, which does not contain a "relates to" clause. *See Parrish*, 942 F.3d at 296. Under today's statute, a state law may sweep more broadly than a federal offense yet still be categorically "related to" that offense. Other circuits have invoked the point in holding that a state statute "relates to" sexual abuse even if it doesn't require actual harm. *See United States v. Stults*, 575 F.3d 834, 845 (8th Cir. 2009); *see also United States v. Hubbard*, 480 F.3d 341, 347 (5th Cir. 2007); *United States v. Wiles*, 642 F.3d 1198, 1201–02 (9th Cir. 2011).

O'Neal adds that his prior state conviction was for *attempted* sexual abuse, making it harder to show that his conviction related to sexual abuse. But *attempting* to masturbate in the presence of a minor is still "associated with" its intended outcome. It would distort common sense to say that attempting an act that would constitute sexual abuse does not *relate* to sexual abuse.

If attempts did not relate to their intended outcome, how else could their relationship be explained? We are not alone, again, in drawing this conclusion. *See Hubbard*, 480 F.3d at 345–46; *Stults*, 575 F.3d at 844–46; *Wiles*, 642 F.3d at 1202.

*Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015), it is true, shows that the statutory context of "relates to" may limit its reach. At issue was the Immigration and Nationality Act, which says that prior state convictions "relating to a controlled substance (as defined in section 802 of Title 21)" authorize deportation. 135 S. Ct. at 1984 (quoting 8 U.S.C. § 1227(a)(2)(B)(i)). The Court reasoned that the otherwise broad scope of the phrase "relating to a controlled substance" was narrowed by the parenthetical that followed it. *Id.* at 1990–91. It then held that a state conviction for possession of drug paraphernalia, potentially including possession of a sock used to store drugs, exceeded the reach of the statute. *Id.* at 1983–84, 1991. But that is a distant cry from this case. Nothing in § 2252A(b)(2) shows that Congress qualified the scope of the sexual abuse offenses listed in that statute and what "relat[es] to" them. *See* 18 U.S.C. § 2252A(b)(2); *see also United States v. Sullivan*, 797 F.3d 623, 640 (9th Cir. 2015). And nothing in the statute suggests that masturbating in front of a child does not "relate to" sexual abuse.

One loose end dangles. O'Neal separately argues that his sentence, a ten-year mandatory minimum, violates the Eighth Amendment's prohibition on "cruel and unusual punishment[]." U.S. Const. amend. VIII. But we have upheld plenty of mandatory-minimum sentences in the face of Eighth Amendment challenges before. *See, e.g.*, *United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011). And a "sentence within the statutory maximum set by statute generally does not constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quotation omitted). Nothing about this case alters that conclusion here.

We affirm.