RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0015p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

                      *Plaintiff-Appellee*,

   *v.*

                                                                        No. 20-3154

BRADLEY NELSON,

                      *Defendant-Appellant*.

─────────────────

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:19-cr-00409-1—John R. Adams, District Judge.

Decided and Filed:  January 21, 2021

Before:  SUHRHEINRICH, GILMAN, and LARSEN, Circuit Judges.

─────────────────

**COUNSEL**

**ON BRIEF:**  Travis A. Rossman, ROSSMAN LAW, PLLC, Barbourville, Kentucky, for Appellant.  Carol M. Skutnik, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

─────────────────

**ORDER**

─────────────────

Bradley Nelson, a federal prisoner proceeding through counsel, appeals his sentence for distributing child pornography.  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a)(2)(C).

In February 2020, Nelson pleaded guilty to distributing visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). At sentencing, the parties disputed whether Nelson's prior Ohio conviction for attempted rape of a minor qualified as a predicate offense for a sentencing enhancement under 18 U.S.C. § 2252(b)(1). Ultimately, the district court concluded that the enhancement applied, and it sentenced Nelson to the enhanced statutory minimum term of 180 months of imprisonment.

On appeal, Nelson argues that his prior offense for attempted rape does not trigger the § 2252(b)(1) enhancement because an attempt offense does not require a defendant to have physical contact with a victim.

"[We] review[] *de novo* a district court's legal conclusion that a prior conviction triggers a mandatory minimum sentence." *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011). Section 2252, a federal statute prohibiting the sale, distribution, and possession of child pornography, includes a sentencing enhancement that applies to offenders with a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(1). An offender sentenced under the § 2252(b)(1) enhancement is subject to a mandatory 15-year minimum sentence. *Id.*

Sexual abuse, we have held, covers actions that "injure, hurt, or damage for the purpose of sexual or libidinal gratification." *United States v. Mateen*, 806 F.3d 857, 861 (6th Cir. 2015). And "relat[e] to" is a "broad" phrase, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (internal quotation marks omitted), one that requires "only that the state statute be associated with sexual abuse," *Mateen*, 806 F.3d at 861. We apply the categorical approach to determine whether a prior offense "relat[es] to . . . sexual abuse" for purposes of the § 2252(b) enhancement. *Id.* at 859–60. Under that approach, we examine the elements of the state statute—not the specific facts underlying the defendant's conviction—and determine whether "the full range of conduct the statute proscribes, even the least egregious," qualifies as an offense that relates to sexual abuse. *Id.* at 859, 862.

Nelson was previously convicted under Ohio Revised Code §§ 2923.02 and 2907.02(A)(1)(b) of attempted rape. Section 2907.02(A)(1)(b) criminalizes, in relevant part,

"engag[ing] in sexual conduct with another who is not the spouse of the offender" when "[t]he other person is less than thirteen years of age." Section 2923.02 makes it a crime to "purposely or knowingly . . . engage in conduct that, if successful, would constitute or result in the offense." Ohio Rev. Code § 2923.02(A). Nelson contends that his prior conviction under these statutes does not qualify as a predicate offense solely because it is an attempt offense. If § 2252(b)(1) applied only to prior State convictions for "sexual abuse, or abusive sexual conduct involving a minor," Nelson's argument would be more persuasive, but this would ignore the phrase "relating to." *See* 18 U.S.C. § 2252(b)(1).

We have not addressed whether § 2252(b)(1) encompasses attempt offenses, but all other circuit courts that have addressed the issue when interpreting materially indistinguishable statutes have answered affirmatively. We have also held, in an unpublished decision addressing § 2252A(b)(2), which is materially indistinguishable from § 2252(b)(1), that attempt crimes may "relat[e] to . . . sexual abuse." *United States v. O'Neal*, __ F. App'x __, No. 20-5006, 2020 WL 6706840, at *1–2 (6th Cir. Nov. 16, 2020) ("It would distort common sense to say that attempting an act that would constitute sexual abuse does not relate to sexual abuse. If attempts did not relate to their intended outcome, how else could their relationship be explained?"). As the Ninth Circuit explained when addressing § 2252A(b)(1), "the 'ordinary meaning' of the phrase 'relating to' 'is a broad one—to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *United States v. Wiles*, 642 F.3d 1198, 1201 (9th Cir. 2011) (quoting *Morales*, 504 U.S. at 383). Ultimately, the Ninth Circuit concluded that "[a]n attempt conviction 'clearly stands in some relation to or pertains to the crimes of aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor' and therefore qualifies as a predicate offense under § 2252[A](b)(1)." *Id.* (quoting *United States v. Stults*, 575 F.3d 834, 846 (8th Cir. 2009) (addressing § 2252(b)(2))). The Fifth and Eighth Circuits have reached the same conclusion. *See Stults*, 575 F.3d at 846; *United States v. Hubbard*, 480 F.3d 341, 347 (5th Cir. 2007) (addressing § 2252A(b)(1)). And we have recognized that the phrase "relating to" as used in § 2252(b)(2) requires only that the state statute "be associated with sexual abuse." *Mateen*, 806 F.3d at 861. In light of this persuasive precedent, which is premised upon the Supreme Court's definition of the phrase "relating to,"

*Morales*, 504 U.S. at 383, we conclude that the district court properly applied the enhancement based upon Nelson's prior Ohio offense for attempted rape of a minor.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk