NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0402n.06

Case No. 24-5079

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 07, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| CLINTON LYON MAYES, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: McKEAGUE, KETHLEDGE, and NALBANDIAN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Clinton Mayes pleaded guilty to possession of child pornography after law enforcement officers found explicit images of minor children on his electronic devices. The default maximum sentence for possession of child pornography is ten years, but a ten-year mandatory minimum applies if the defendant has a prior state conviction "relating to . . . sexual abuse." Mayes was previously convicted in Kentucky state court of engaging in "deviate sexual intercourse" with a child under the age of fourteen. Based on this prior conviction, the district court applied the ten-year mandatory minimum. Mayes appeals his sentence, arguing that his prior conviction is not a "categorical match" to sexual abuse.

This argument fails, and the district court properly applied the ten-year mandatory minimum. We **AFFIRM**.

**I.**

In February 2023, Mayes was indicted on one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Mayes entered into a plea agreement and pleaded guilty to possession of child pornography while reserving his right to appeal his sentence. The default statutory maximum for possession of child pornography is ten years. 18 U.S.C. § 2252(b)(2). However, § 2252(b)(2) applies a ten-year mandatory *minimum* sentence if the defendant "has a prior conviction . . . under the laws of any State relating to . . . sexual abuse." *Id.*

In 2003, Mayes was convicted of second-degree sodomy in Kentucky. At the time of Mayes's conviction, the statute prohibited a person who is eighteen years old or older from "engag[ing] in deviate sexual intercourse with another person less than fourteen (14) years old." Ky. Rev. Stat. § 510.080(1)(a) (2002) (amended 2018). Kentucky law defines "deviate sexual intercourse" as "any act of sexual gratification involving the sex organs of one person and the mouth or anus of another; or penetration of the anus of one person by a foreign object manipulated by another person." *Id.* § 510.010(1) (2002) (amended 2012).

Prior to sentencing, the Presentence Report ("PSR") found that this prior conviction triggered the ten-year mandatory minimum. Over Mayes's objection, the district court adopted the PSR's recommendation and applied the mandatory minimum, sentencing Mayes to ten years in prison. Mayes timely appealed.

**II.**

This court "reviews *de novo* a district court's legal conclusion that a prior conviction triggers a mandatory minimum sentence." *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011). On appeal, Mayes argues that his prior second-degree sodomy conviction does not trigger the ten-year mandatory minimum because under Kentucky law, second-degree sodomy does not contain an element "involving 'abuse.'" Appellant Br. 6.

"When deciding whether a prior state-law conviction triggers an enhanced sentence, we begin with a categorical approach." *United States v. Mateen*, 806 F.3d 857, 859 (6th Cir. 2015) (citing *Descamps v. United States*, 570 U.S. 254, 260–61 (2013)). Under this approach, we "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps*, 570 U.S. at 261 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

In this case, § 2252(b)(2)'s mandatory minimum applies when the prior state conviction "relat[es] to" sexual abuse. *See Mateen*, 806 F.3d at 860. The state conviction only needs to be "associated" with sexual abuse. *Id.* at 861; *see also United States v. Sullivan*, 797 F.3d 623, 638 (9th Cir. 2015); *United States v. Hardin*, 998 F.3d 582, 588–89 (4th Cir. 2021). Combine the categorical approach with the broad language of § 2252(b)(2), and the question becomes whether second-degree sodomy "*necessarily* relates to 'sexual abuse.'" *United States v. Armes*, 953 F.3d 875, 879 (6th Cir. 2020).

We define "sexual abuse" by its ordinary meaning: "the use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification." *Mateen*, 806 F.3d at 861. Other circuits use a comparable definition. *See, e.g.*, *United States v. Sinerius*, 504 F.3d 737, 740–41 (9th Cir. 2007); *United States v. Barker*, 723 F.3d 315, 324 (2d Cir. 2013) (defining "abusive sexual conduct involving a minor" as "misuse or maltreatment of a minor for a purpose associated with sexual gratification" (internal quotation marks omitted)); *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009) (defining "sexual" as "the intent to seek libidinal gratification"). We adopt the same definition here.

Mayes argues that second-degree sodomy is not related to sexual abuse because the statute prohibits only "sexual conduct with someone incapable of legally consenting." Appellant Br. 6. The government responds that "non-consensual sexual contact by virtue of age categorically qualifies as sexual abuse." Appellee Br. 4 (internal marks omitted).

At the time of Mayes's prior conviction, Kentucky's sodomy statute prohibited "deviate sexual intercourse" between a person eighteen or over and a minor under fourteen. *See* Ky. Rev. Stat. § 510.080(1)(a) (2002) (amended 2018). We previously held that "'sexual intercourse' is 'sexual.' And when an adult takes sexual advantage of a child or early teen, that's 'abuse.'" *Armes*, 953 F.3d at 880; *see also Mateen*, 806 F.3d at 862 (acknowledging that sexual contact that is non-consensual by virtue of age is abusive). The Supreme Court and our sister circuits have reached similar conclusions. *See, e.g.*, *Esquivel-Quintana v. Sessions*, 581 U.S. 385, 397 (2017) (noting a consensus that "sexual intercourse is abusive solely because of the ages of the participants" when the victim is under sixteen); *United States v. Grimes*, 888 F.3d 1012, 1016 (8th Cir. 2018) (holding that New York's second-degree sodomy statute "relates to" abusive sexual conduct involving a minor); *United States v. Ragonese*, 47 F.4th 106, 112 (2d Cir. 2022) (same for New York's first-degree sodomy statute).

We hold that "deviate sexual intercourse" by a person eighteen or over with a minor under fourteen categorically "relates to" sexual abuse. Therefore, the district court properly concluded that Mayes's prior state conviction triggers the ten-year mandatory minimum under § 2252(b)(2).

**III.**

We **AFFIRM** the district court's sentence.